

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**David E. Moore**
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Firm Fax

July 27, 2018

<u>**VIA ELECTRONIC FILING**</u>

The Honorable Sherry R. Fallon
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE  19801

     Re:    *Nuance Communications, Inc. v. MModal LLC, et al.*, C.A. No. 17-1484-JFB-SRF

Dear Magistrate Judge Fallon:

In accordance with the Scheduling Order (D.I. 34), and the related stipulation (D.I. 77), Plaintiff Nuance Communications, Inc. submits the following proposal regarding reducing the asserted claims and prior art references.

| Date | Case Event or Deadline | Nuance's Proposal |
|------|------------------------|-------------------|
| Aug. 6, 2018 | Plaintiff initial claim narrowing | No more than 23 claims |
| Aug. 13, 2018 | Defendant initial prior art narrowing | No more than 30 prior art references<br>No more than 92 prior art arguments[1] |
| May 1, 2019 | Plaintiff's Final Infringement Contentions | No more than 18 claims |
| June 3, 2019 | Defendant's Final Invalidity Contentions | No more than 18 prior art references<br>No more than 54 prior art arguments |

Nuance's Complaint asserts six patents that cover varying aspects of MModal's computer assisted physical documentation and clinical documentation improvement applications, as well as transcription editing programs and services.  Although the patents-in-suit contain more than

---

[1] A "prior art argument" according to Nuance's proposal is defined as in *Confluent Surgical, Inc. v. HyperBranch Med. Tech., Inc.,* C.A. No. 17-688-LPS-CJB (Oct. 30, 2017 Oral Order).

The Honorable Sherry R. Fallon
July 27, 2018
Page 2


200 claims and cover many facets of MModal's products, Nuance endeavored to narrow the scope of the case early in the litigation, identifying 28 asserted claims in its Identification of Asserted Patent Claims on March 13, 2018.  *See* D.I. 50.

At the Scheduling Conference in February 2018, MModal represented that it too desired a manageable case.  However, it is now clear that MModal believes that case narrowing should be one-sided.  MModal has rejected a proposal that would involve a narrowed set of asserted claims *and* asserted prior art.  Instead, MModal proposes only to reduce the asserted prior art late in the case, in connection with Final Invalidity Contentions, well after the deadline for substantial completion of fact discovery.  Such a proposal is prejudicial, unworkable, and a complete reversal of MModal's position at the Scheduling Conference where it vehemently insisted on narrowing of the case, specifically in advance of claim construction and through the discovery process.  Notably, at the Scheduling Conference, MModal contended, "we think that it's important as the parties move through the discovery process to step the case down in scope so that it's reasonable and manageable, and also to accommodate a manageable claim construction process." D.I. 34 at 10:12-16 (Transcript of Feb. 6, 2018 Scheduling Conference).  MModal also emphasized "[i]f we're going to have briefs that are of manageable length to have a Markman hearing that is manageable, we really need to get this focused." *Id.* at 10:16-19.

Indeed, MModal requested in its proposed scheduling order that Nuance limit its claims in advance of claim construction – and in fact, Nuance's proposed claim limits are firmly in line with MModal's original proposal.  (*See* D.I. 34 at 3, MModal's proposal of 30 asserted claims by July 30, 2018); *Compare* Nuance's Proposal above (reducing to 23 claims by August 6, 2018).  The Court ultimately ordered the parties to submit a proposal, specifically noting that, "the parties shall submit a case narrowing proposal or competing proposal with respect to limits on asserted claims as well as prior art." Transcript at 17:2-5.

Yet now that MModal has what it wants from Nuance, MModal is unwilling to agree to a reciprocal reduction of prior art.  Despite MModal's representations at the Scheduling Conference, acknowledging that it would be "willing to talk about a reciprocal approach," MModal in fact refuses to propose any reduction of its own.  Transcript at 14:11.  Currently, MModal invalidity contentions assert more than 80 distinct prior art references and systems.  There is simply no reason for the parties to engage in claim construction issues and discovery on this amount of prior art.  Given that MModal previously advocated for case narrowing and espoused the benefits of doing so, its intent here in rejecting any prior art reduction is plainly to place undue burden on Nuance.

Nuance's proposal is consistent with practices in this District.  *See, e.g., Ethicon LLC et al. v. Intuitive Surgical, Inc.,* C.A. No. 17-871-LPS-CJB, D.I. 68 (Jan. 9, 2018) (Burke, J.); *Confluent Surgical, Inc. v. HyperBranch Med. Tech., Inc.,* C.A. No. 17-688-LPS-CJB (Oct. 30, 2017 Oral Order).  In each of these cases, the Court ordered corresponding limits on asserted claims and prior art references in advance of claim construction.[2]

---

[2] As noted above, MModal's proposal is objectionable because it includes no reduction in asserted prior art prior to claim construction and in advance of the completion of discovery.  Nuance also objects to MModal's proposal because it includes per patent limits.  Per patent

The Honorable Sherry R. Fallon
July 27, 2018
Page 3


       Nuance provided MModal with its proposal on Thursday, July 19th.  Despite multiple requests, MModal did not provide a counter proposal until hours before the deadline on Monday, July 23rd.  At MModal's request, Nuance extended the deadline to submit proposals. Nuance and MModal met and conferred regarding the proposals, but despite its prior position on case narrowing, MModal has not offered any compromise that would involve prior art narrowing before claim construction or even the end of discovery.  MModal requested an additional extension of the deadline, but Nuance ultimately declined, as the parties' positions have not changed and are clearly at an impasse.  To implement the most effective and efficient case narrowing, in line with Nuance's proposal, it is critical to have the case scope determined in advance of claim construction and further discovery.


                                   Respectfully,

                                   */s/ David E. Moore*

                                   David E. Moore


DEM:nmt/5879274/43964


cc:     Clerk of the Court (via hand delivery)
        Counsel of Record (via electronic mail)

---

limits have generally been rejected in this District.  *See, e.g., Greatbatch Ltd. v. AVX Corp.,* C.A. No. 13-723-LPS, D.I. 368 at 2 (D. Del. July 28, 2015) (rejecting a per-patent limit on the number of asserted claims).  Also, MModal's proposal of further case reduction beyond final contentions is premature at this stage of the case, particularly in light of the narrow limits proposed by Nuance to occur earlier in the litigation.