NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY

**DuaneMorris®**

FIRM and AFFILIATE OFFICES

RICHARD L. RENCK
DIRECT DIAL: +1 302 657 4906
PERSONAL FAX: +1 302 397 2063
E-MAIL: RLRenck@duanemorris.com

*www.duanemorris.com*

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

ALLIANCES IN MEXICO
AND SRI LANKA

July 27, 2018

VIA ECF

The Honorable Sherry R. Fallon
District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

   Re: <u>Nuance Communications, Inc. v. MModal LLC</u>, No. 17-1484-JFB-SRF

Dear Magistrate Judge Fallon:

  Pursuant to Paragraph 2(c)(v) of the Scheduling Order (D.I. 34), MModal LLC ("MModal") submits the below case narrowing proposal for consideration by the Court. MModal and Nuance Communications, Inc. ("Nuance") have met and conferred on this issue. The parties are in agreement that a case narrowing should happen after issuance of the Court's claim construction order, and on the average number of asserted claims and prior art that should remain per patent at that time. (A chart comparing the parties' proposals is attached as Exhibit A). The parties are also generally in agreement that a further case narrowing will need to occur to streamline the case for trial. However, the parties were unable to reach agreement on an overall proposal because Nuance has insisted that MModal reduce its prior art references by more than 60% in the next three weeks, and that Nuance retain the ability to add patent claims to the case if any of the asserted patents are dismissed or dropped.

  Nuance's proposal imposes vastly disproportionate burdens on the parties and fails to account for the likelihood that the number of asserted patents may change during the course of this case. MModal's proposal, which places equal obligations on the parties and ensures minimal disruption to the case schedule, should be adopted by the Court.

  **<u>Background.</u>** As this Court is aware, MModal initially proposed that the Court set deadlines for both pre- and post-claim construction claim narrowing in light of the over 200 claims included in the patents-in-suit. At that time, MModal was willing to consider proposals related to reciprocal prior art narrowing. Nuance never provided any. Instead, its counsel insisted on deferring case-narrowing decisions until four months later.

DUANE MORRIS LLP
222 DELAWARE AVENUE, SUITE 1600 WILMINGTON, DE 19801-1659 PHONE: +1 302 657 4900 FAX: +1 302 657 4901

The Honorable Sherry R. Fallon
July 27, 2018
Page 2



MModal made its technical document production after the Scheduling Conference (including source code for the accused products). And after reviewing that production, Nuance chose to assert only 28 patent claims against the MModal accused products, as follows:

| Patent No. | Asserted Independent Claims | Asserted Dependent Claims |
|---|---|---|
| '946 Patent | 1 | 5 |
| '158 Patent | 2 | 5 |
| '295 Patent | 1 | 6 |
| '126 Patent | 2 | |
| '933 Patent | 1 | 2 |
| 034 Patent | 1 | 2 |
| **Total** | **8** | **20** |

Based on the claims Nuance asserted, and in view of Nuance's broad and sometimes indiscernible claim construction positions, MModal prepared and served its initial invalidity contentions on July 16, 2018. MModal charted approximately 75 primary prior art references, approximately 13 for each asserted patent. MModal also filed petitions for *inter partes* review on five out of the six asserted patents in June and July 2018, relying on some of that prior art.

**MModal's Claim Narrowing Proposal is Even Sided and More Practical.** Based on the current number of claims asserted by Nuance, narrowing the case before claim construction no longer has any practical purpose, which is why MModal has not included any such deadline in its proposal. The number of potential claim construction disputes implicated by the current number of asserted claims is manageable. MModal's invalidity contentions, which have already been prepared and served at considerable expense to MModal, are not going to impact discovery for Nuance or claim construction. The parties will be in a much better position to narrow claims, art, and invalidity positions once the Court issues its claim construction order, and narrowing at that time will serve to limit the scope of expert discovery and dispositive motion practice.

As noted above, the parties appear to be in agreement about the average number of asserted claims per patent that should remain in the case after claim construction: three.[1] MModal's proposal, however, provides for one or more patents being dismissed or dropped. MModal's post-claim construction narrowing proposal is also even-handed: the number of invalidity positions permitted as of June 3, 2019 hinges on the number of claims remaining in the case.

Finally, MModal proposes that the parties set in place a further narrowing deadline coinciding with the local rules' pretrial exchanges so that the parties focus the asserted claims and art for trial. Nuance has not stated that it disagrees with this general proposition, but simply says,

---

[1] To be clear, MModal is not proposing a "per-patent" limit on the number of asserted claims. As was explained to Nuance's counsel on the meet and confer, MModal is proposing that the number of total asserted claims be tied to the number of patents remaining in the case based on a multiple of three. (E.g., 12 asserted claims would be permitted if 4 patents remained in the case, and Nuance could elect how many claims to assert per remaining patent).

The Honorable Sherry R. Fallon
July 27, 2018
Page 3



without justification, that setting such a deadline would be "premature." MModal disagrees. It makes sense to include a deadline that will force the parties to meet and confer and decide upon a manageable number of asserted claims and invalidity positions to present to the jury.

**Nuance's One-Sided Claim Narrowing Proposal.** Nuance contends that its delayed proposal[2] is "consistent with practices in the district and the positions MModal advocated at the Scheduling Conference." *See* Email Chain attached as Exhibit B. However, it places unequal burdens on the parties with no apparent benefit, and should not be adopted.

Nuance proposes that it reduce its total asserted claims by five (from 28 to 23, all of which can be dependent claims) on August 5, 2018. MModal, in comparison, must drop from 75 prior art references to 30 within a week of receiving Nuance's revised claim list. Nuance further proposes to limit its asserted claims post-claim construction (in May 2019) to 18 total claims, regardless of the number of the patents remaining. In other words, Nuance has free reign to add additional, previously unasserted claims in May 2019 if any patents drop out of the case.

Nuance's proposal is unfairly one-sided and significantly prejudices MModal. Nuance's proposed August 2018 claim reduction is likely to have little to no impact on claim construction. The focus of claim construction undoubtedly will be on terms from the independent claims (which Nuance is unlikely to drop) given that a dependent claim cannot be infringed if the independent claim is not infringed. Even if Nuance dropped an independent claim for the '158 or '126 Patent, it would have little impact on the claim construction issues because the asserted independent claims in those patents contain similar claim terms.

Nuance has no basis for the significant August 2018 prior art narrowing it proposes. Nuance's counsel speculated that narrowing the number of prior art references and arguments now would "indirectly" impact claim construction and streamline fact discovery. However, counsel was unable to explain what fact discovery, if any, Nuance would take related to prior art. Nuance also has not explained why the number of asserted claims (and invalidity positions) should not vary depending upon the number of patents remaining in suit. Its counsel simply asserts that Nuance "cannot agree to a proposal that limits our claim elections on a per patent basis, whether it is framed as a cap or otherwise." Nuance apparently intends to preserve for itself the ability to belatedly expand the case by adding claims if the number of patents drop.

For the foregoing reasons, MModal's proposal, and not Nuance's is more likely to cause case efficiencies and not disrupt the case and also imposes equal burdens on the parties. MModal's proposal should be adopted.

---

[2] Nuance's insistence on waiting until <u>after</u> MModal's invalidity contentions were served to propose such drastic cuts in MModal's invalidity contentions raises the question of whether Nuance and its counsel were acting in good faith. It would not be the only instance of improper sandbagging Nuance has engaged in related to the claim narrowing proposals. *See* Exhibit B.

The Honorable Sherry R. Fallon
July 27, 2018
Page 4



        Very truly yours,


       *Richard L. Renck*
       Richard L. Renck (#3893)

       *Counsel for Defendant MModal, LLC*

RLR
Attachments