# Exhibit A

| Date | Nuance Proposal | MModal Proposal |
|---|---|---|
| Aug. 6, 2018 | Plaintiff's initial claim narrowing to no more than 23 total claims | None |
| Aug. 13, 2018 | Defendant's initial prior art narrowing to no more than 30 prior art references; no more than 92 prior art arguments[3] | None |
| May 1, 2019 | Plaintiff's Final Infringement Contentions asserting no more than 18 claims | Plaintiff's Final Infringement Contentions asserting no more than 3 claims per remaining patent (e.g., if four patents remain in the case, Nuance may assert 12 total claims) |
| June 3, 2019 | Defendant's Final Invalidity Contentions including no more than 18 prior art references and no more than 54 prior art arguments | Defendant's Final Invalidity Contentions including no more than 3 prior art arguments per asserted claim and no more than 18 prior art references[4] |
| January 6, 2020 |  | Deadline for parties to submit proposals relating to narrowing of asserted claims and art for trial |

---

[3] Nuance proposes:  A "prior art argument" shall be understood to be an argument that: (1) a single reference anticipates a claim; or (2) a single reference renders a claim obvious (i.e., single-reference obviousness); or (3) a combination of references renders a claim obvious.  For example, if MModal relies on prior art reference A for anticipation and for single-reference obviousness as to claim 1 of a patent, that will count as two separate prior art arguments.  If MModal also relies on prior art references A + B for obviousness and A + B + C for obviousness as to claim 1 of the patent, that will count as two more, separate, prior art arguments.  Additionally, prior art arguments shall be counted on a per claim basis, meaning that if MModal asserts that prior art reference A anticipates claim 1 of a patent, and that prior art reference A also anticipates claim 2 of that patent, that will count as two prior art arguments.  Further, a "prior art argument" shall consist of those reference(s) that MModal utilizes to show the existence of claim limitation(s) in the prior art.

[4] MModal proposes:  For purposes of this proposal, a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one "prior art reference," as shall the closely related work of a single prior artist.  A "prior art argument" shall be understood to be an argument that: (1) a single reference anticipates a claim; or (2) a single reference renders a claim obvious (i.e., single-reference obviousness); or (3) a combination of references renders a claim obvious. For example, if MModal relies on prior art reference A for anticipation and for single-reference obviousness as to claim 1 of a patent, that will count as two separate prior art arguments.  If MModal also relies on prior art references A + B for obviousness and A + B + C for obviousness as to claim 1 of the patent, that will count as two more, separate, prior art arguments.  Further, a "prior art argument" shall consist of those reference(s) that MModal utilizes to show the existence of claim limitation(s) in the prior art.  However, multiple references describing the same system or the closely related work of a single prior artist do not count as multiple prior art arguments.