# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NUANCE COMMUNICATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 17-1484-MN |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| MMODAL LLC, | ) | |
| | ) | **PUBLIC VERSION** |
| Defendant. | ) | |

## LETTER TO THE HONORABLE MARYELLEN NOREIKA
## FROM BINDU A. PALAPURA

OF COUNSEL:

David J. Lender
Anish R. Desai
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000

Christopher T. Marando
Stephen Bosco
Megan H. Wantland
WEIL GOTSHAL & MANGES, LLP
2001 M Street, NW Suite 600
Washington, DC 20036
Tel: (202) 682-7000

Amanda Branch
WEIL GOTSHAL & MANGES, LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000

David Greenbaum
NUANCE COMMUNICATIONS, INC.
1111 Macarthur Blvd.
Mahwah, NJ 07430
Tel: (201) 252-9100

Dated: January 2, 2019
6038120/43964

Public Version Dated: January 10, 2019

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
obyrne@potteranderson.com

*Attorneys for Plaintiff*
*Nuance Communications Inc.*


Potter Anderson Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19801- 0951
302 984 6000
www.potteranderson.com

Bindu A. Palapura
Partner
Attorney at Law
bpalapura@potteranderson.com
302 984-6092 Direct Phone
302 658-1192 Firm Fax

January 2, 2019
Public Version Dated: January 10, 2019

**VIA ELECTRONIC FILING**
The Honorable Maryellen Noreika
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

**PUBLIC VERSION**

Re:   *Nuance Communications, Inc. v. MModal LLC*, C.A. No. 17-1484-MN

Dear Judge Noreika:

Defendant MModal refuses to provide Nuance with relevant technical documentation regarding the design and development of its accused products, in violation of the Federal Rules of Civil Procedure, the District of Delaware's Local Rules, and the Scheduling Order in this case. Specifically, Nuance seeks documents housed in a common software development and management database called JIRA. *See generally* Ex. 1. ▮

▮ Ex. 2 at 1.

▮. Further, it is undisputed that JIRA documents can be produced as PDF or image files, and therefore, MModal has no basis for asserting that there is undue burden associated with producing documents from JIRA. Despite the undisputed relevance of these JIRA documents to Nuance's infringement allegations, the accessibility of the documents, and the provision of search terms by Nuance to narrow the scope of JIRA discovery, MModal to-date *has produced no documents from JIRA whatsoever*. Accordingly, Nuance respectfully requests that the Court compel MModal to produce responsive technical documents from its JIRA database.

## I.    BACKGROUND

Magistrate Judge Fallon's February 6, 2018 scheduling order required MModal to produce "the core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications" by April 17, 2018. On February 26, 2018, Nuance served a set of 54 requests for the production of documents on MModal. Ex. 3. Among these, at least RFPs Nos. 1, 2, 4, and 6 bear directly ▮ *Id.* at 7-8. MModal did not comply with its obligation to produce core technical documents by April 17; instead it largely produced

---

[1] Confluence is another ESI repository, similar to JIRA, from which MModal has produced documents.

marketing materials and public manuals that lacked technical details regarding how the accused products and services operate. MModal similarly failed to make a timely and complete production of technical documents responsive to RFPs 1, 2, 4, and 6, and—pertinent to the current ▇

Remarkably, MModal has repeatedly criticized Nuance for citing in its initial infringement charts the very marketing materials that MModal produced as part of its core technical document production. Ex. 4 at 2, Ex. 5 at 4-5. In response, Nuance pointed out that it had no choice to rely upon the limited set of the documents that MModal produced, highlighted the absence of technical design documents and specifications in MModal's production, and demanded production of any responsive technical documents being withheld. Ex. 6 at 1, Ex. 7 at 1-2. During the protracted negotiations that followed, ▇ *See* Ex. 2 at 1. ▇ Ex. 8 at 1-2.

MModal's response to Nuance's requests for JIRA discovery was an extended bait and switch. First, ▇. Ex. 9 at 2-3. Nuance did so, providing its search strings in standard Boolean format. Ex. 10 at 22-24. ▇. *Id.* at 18. Nuance rebutted that incorrect assertion by showing that JIRA's developer touted its ability to support Boolean text searches. *Id.* at 15. ▇. Ex. 11. However, ▇. Ex. 10 at 10. In response, Nuance agreed to eliminate its broadest search strings and, once again, pointed MModal to JIRA's own website, which offers a batch PDF exporter for JIRA. *Id.* At that point, having run out of excuses, MModal shifted gears again and settled on a new position—that it won't produce from JIRA unless Nuance does so as well. Ex. 10 at 3-4.

## II. ARGUMENT

*<u>MModal's JIRA Documents are Relevant to Nuance's Infringement Allegations.</u>* It is undisputed that the documents Nuance seeks, ▇ are responsive to Nuance RFPs and relevant to the case. By MModal's own admission, ▇ Ex. 2 at 1. Further, the JIRA documents are not cumulative of MModal's source code, as MModal has asserted. Ex. 12 at 4. Nuance is entitled to both the source code *and* ▇ they are distinct, non-mutually exclusive categories of documents. ▇

---

[2] Production in this format would have required Nuance to develop its own software scripts in order to render the data in a useable way.

████████████████████████████████████ are plainly responsive to Nuance's RFP Nos. 1 ("Documents and Things describing the architecture, design, function, and operation of" the accused products"), 2 ("[a]ll internal manuals, specifications, datasheets, guides, schematics, functional diagrams, and flowcharts for" the accused products), 4 ("Documents and Things relating to the conception, design, testing, development, and installation of" the accused products), and 6 ("Documents and Things describing the functionality of the source code for" the accused products). ████████████████████████████████████ which could have significant impact on the damages analysis.

***MModal's JIRA Documents are Accessible and There is No Undue Burden Associated With Producing Them.*** MModal's argument regarding the burden of producing documents from JIRA is baseless. Based on Nuance's investigation, there is little substantive difference between producing documents from Confluence (which was developed by the same company as JIRA) and JIRA, yet both parties have produced documents from Confluence, and Nuance has incurred significant costs in collecting and producing tens of thousands of Confluence documents. Indeed, litigants routinely produce documents from JIRA and courts routinely compel such production.[3] Further, given the potential importance of these documents to the case (as discussed above), the limited production Nuance requests is plainly proportional to the needs of the case.

***MModal's Latest Excuse for Non-production is Clearly Improper.*** MModal's 11th hour focus on Nuance's use of JIRA is based on the incorrect premise that Nuance, as plaintiff, has identical discovery obligations to MModal. Not so.[4] Even if the parties' respective obligations were identical (they are not), Nuance does not use JIRA in the same manner as MModal does: ████████████████████████████████ Ex. 13. Nuance's JIRA database therefore has no relevance to this case.

Respectfully,

*/s/ Bindu A. Palapura*

Bindu A. Palapura

BAP:nmt/6038120/43964
Enclosures
cc: Clerk of the Court (Via Hand Delivery)
Counsel of Record (Via Electronic Mail)

---

[3] *See, e.g., Mahavisno v. Compendia Bioscience, Inc*, No. 213CV12207SFCMAR, 2015 WL 5698532, at *4 (E.D. Mich. Sept. 29, 2015) (granting motion to compel production of "complete development records for Oncomine software" including "all…JIRA records"); *Synopsys, Inc. v. ATopTech, Inc*, No. 13CV02965MMCDMR, 2015 WL 2393667, at *6 (N.D. Cal. May 18, 2015) (ordering defendant to "produce all JIRA documents that reference any input or output format of [the accused software products]").

[4] *Leader Techs. Inc. v. Facebook Inc.*, C.A. No. 08-862-JJF-LPS, 2009 WL 3021168, at *2 (D. Del. Sept. 4, 2009) (denying detailed discovery into patentee's products because "[t]his case is fundamentally about whether [defendant]infringes [plaintiff's] patent, not about whether [plaintiff] practices its own patent.").