# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NUANCE COMMUNICATIONS, INC.,   )
   )
       Plaintiff,   )     C.A. No. 17-1484-MN
   )
     v.   )     **JURY TRIAL DEMAND**
   )
MMODAL LLC,   )     **REDACTED VERSION**
   )
       Defendant.   )     **SEALED VERSION**
                             **FILED ON JANUARY 3, 2019**

## LETTER TO THE HONORABLE MARYELLEN NOREIKA
## DATED JANURAY 3, 2019 FROM RICHARD L. RENCK

**OF COUNSEL:**

L. Norwood Jameson
Alison Haddock Hutton
**DUANE MORRIS LLP**
1075 Peachtree Street, NE, Suite 2000
Atlanta, GA 30309-3929
Telephone: (404) 253-6900

Anthony J. Fitzpatrick
Christopher S. Kroon
Michael R. Gottfried
**DUANE MORRIS LLP**
100 High Street, Suite 2400
Boston, MA 02110
Telephone: (857) 488-4200

David K. Callahan
david.callahan@lw.com
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7694

Kevin C. Wheeler
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-3311

**DUANE MORRIS LLP**

Richard L. Renck (#3893)
rlrenck@duanemorris.com
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801
Telephone: (302) 657-4900

*Counsel for Defendant MModal LLC*



NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY

*FIRM and AFFILIATE OFFICES*

RICHARD L. RENCK
DIRECT DIAL: +1 302 657 4906
PERSONAL FAX: +1 302 397 2063
*E-MAIL:* RLRenck@duanemorris.com

*www.duanemorris.com*

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE*
*OF DUANE MORRIS*

ALLIANCES IN MEXICO
AND SRI LANKA

January 3, 2019

**VIA ECF**
The Honorable Maryellen Noreika                                  **FILED UNDER SEAL**
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

Re:     *Nuance Communications, Inc. v. MModal LLC*, C.A. No. 1:17-cv-01484-MN

Dear Judge Noreika:

Nuance's request that MModal produce technical documents from its JIRA database is disproportionate in light of the extensive technical documentation produced by MModal to date and the associated burden of that JIRA production. Fed. R. Civ. P. 26(b)(1); *see also Leader Techs. v. Facebook*, 719 F.Supp.2d 373, 377 (D. Del. 2010) (additional technical materials not compelled when "reasonable degree of technical information" including source code already made available).

Unfortunately, this dispute has been brought to the Court's attention only because Nuance failed to meaningfully participate in the meet and confer process. Nuance is not in compliance with the parties' "collective responsibility to consider the proportionality of *all discovery* and consider it in resolving discovery disputes,"[1] and its request for an order to compel should be denied. Nuance has also not been forthright about the existence of relevant material in its own JIRA database for this and the co-pending Northern District of Georgia case.

**MModal's Technical Production**. Nuance alleges that MModal failed to meet the core technical document production deadline and that there are continuing, undefined "deficiencies" in MModal's technical document production. Both of these allegations are unfounded.

First, and foremost, beginning on the April 17, 2018 core technical document production deadline (*see* Ex. A), and for all times thereafter, MModal made source code for *all versions* of its accused software products (*e.g.*, each historical iteration of those products) available for inspection.

---

[1] Fed. R. Civ. P. 26 Advisory Committee's Note to 2015 Amendment.



MModal's counsel and experts reviewed those source code files (more than 1,600,000 files totaling 187 GB) over 11 days, starting on May 22nd and continuing until November 2nd. MModal has also made working copies of the current versions of the accused products available for Nuance's inspection, and produced over 22,000 documents, including technical documentation identified by more than 20 different custodians from their own custodian files, or stored on shared files/folders and on MModal's internal "Wiki" website. MModal's produced documents include user guides, product "vision" documents, software release notes, demonstration videos, product planning documents, and product roadmaps, among others.

Nuance contends that MModal's technical document production is inadequate, but has never explained why the many technical materials that MModal produced or made available for inspection are insufficient for Nuance to understand how the accused products work or to understand when and why particular product features were added. Rather, Nuance seeks an improper fishing expedition, evidenced by the more than 90 different, overly broad search terms that Nuance insists on using for the JIRA search. *See* Nuance's Ex. 11; Ex. B. In light of the burden associated with producing material from JIRA, Nuance's fishing license should be denied.

**Burden Associated with JIRA Production**. As MModal has explained to Nuance many times, exporting and producing materials from JIRA pose substantial challenges for MModal that cannot be brushed aside.[2] Putting aside the overly broad searches Nuance refused to substantively narrow (including terms like "template" and "clinical intelligence"), JIRA is simply not designed to enable exporting of document search results for review and production.

---

[2] The cases cited by Nuance are not informative on the issue of burden to MModal. Moreover, in *Mahavisno* and *Synopsys*, the non-moving party had already produced certain JIRA records and was resisting the production of others on the grounds of relevance or availability, not burden.



████████████████████████████████████████
████████████████████████████████████ Because all versions of MModal's accused product source code have been made available to Nuance, and other, less burdensome discovery sources are available to Nuance to use in the approximately six months left in fact discovery, Nuance's request for discovery from JIRA is not proportional to its needs for that discovery in this case.

**<u>Nuance's Failure to Meaningfully Meet and Confer</u>**.  It is clear from the exhibits to Nuance's opening letter that MModal has been nothing but forthright in its dealings with Nuance. Unfortunately, MModal has not received the same candor from Nuance.

MModal disclosed the existence of its JIRA database in initial disclosures served on May 30, 2018. Nuance Ex. 12 at 4.  While MModal has at all times contended that the technical documentation from that database is cumulative of technical information that MModal has already produced, and unduly burdensome for MModal to provide, it has engaged in a protracted, and ultimately fruitless, effort to reach a compromise with Nuance regarding this discovery issue.  *See* Nuance Ex. 9 at 2-3 (offering to provide JIRA production materials if Nuance willing to share costs); Ex. 2 at 2 (offering to search JIRA database with Nuance provided terms in order to determine if compromise could be reached).  MModal ran search terms proposed by Nuance and, when the number of results returned proved unduly burdensome, sought to engage Nuance in talks about narrowing the searches.  Nuance refused to do so in any significant way.  Nuance Exs. 10 and 11 (communicating regarding results from JIRA search strings; Nuance's unwillingness to narrow beyond eliminating 5 of the 98 searches).  MModal proposed that Nuance provide citations to source code sections about which it sought JIRA information as a way to narrow the scope of information sought but Nuance also refused that compromise.  Nuance Ex. 10 at 7-9.  Finally, Nuance dismissed out of hand the suggestion that it share the costs of the JIRA documentation it sought.  *Id.*

It was only late in the parties' meet and confer discussions with Nuance that MModal discovered that Nuance too uses JIRA (and only because MModal asked).[3] ████████████████████
████████████████████████████████████████ Nuance refused to engage in any discussion about reciprocal, cross-case JIRA productions.  Nuance's refusal to engage in meaningful conversations about narrowing the scope of its JIRA discovery requests, or what documentation it is willing to produce from that database in this or the co-pending N.D. Ga. matter, betrays that it is simply using this discovery dispute as a tool to impose additional costs on MModal, with little apparent benefit.  Nuance's request should be denied.

---

█████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████



Respectfully,


*/s/ Richard L. Renck*
Richard L. Renck (#3893)

*Counsel for Defendant MModal LLC*


RLR/chp
Enclosures

cc:    Clerk of Court (via hand delivery)
       Counsel of Record (via electronic mail)