# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NUANCE COMMUNICATIONS, INC.,　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　 )
　　　　　　　　　　　　　　　　　)　C.A. No. 1:17-cv-1484-MN
　　　v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)　**PUBLIC VERSION**
MMODAL LLC,　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　 )

## DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS
## MOTION TO STAY PENDING *INTER PARTES* REVIEW

Public Version Dated: March 6, 2019　　　　　**DUANE MORRIS LLP**

Dated: February 28, 2019　　　　　　　　　　Richard L. Renck
　　　　　　　　　　　　　　　　　　　　　　rlrenck@duanemorris.com
　　　　　　　　　　　　　　　　　　　　　　222 Delaware Avenue
**OF COUNSEL:**　　　　　　　　　　　　　　Suite 1600
　　　　　　　　　　　　　　　　　　　　　　Wilmington, DE 19801
　　　　　　　　　　　　　　　　　　　　　　Telelephone.: (302) 657-4900
L. Norwood Jameson (admitted *pro hac vice*)
wjameson@duanemorris.com
Alison Haddock Hutton (admitted *pro hac vice*)　*Counsel for Defendant MModal LLC*
ahhutton@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street, NE, Suite 2000 Atlanta,
GA 30309-3929
Telephone: (404) 253-6900

Anthony J. Fitzpatrick (admitted *pro hac vice*)
ajfitzpatrick@duanemorris.com
Christopher S. Kroon (admitted *pro hac vice*)
cskroon@duanemorris.com
Michael R. Gottfried (admitted *pro hac vice*)
mrgottfried@duanemorris.com
**DUANE MORRIS LLP**
100 High Street, Suite 2400
Boston, MA 02110
Telephone: (857) 488.4200

David K. Callahan (admitted pro hac vice)
david.callahan@lw.com
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800 Chicago, IL
60611
Telephone: (312) 876.7694

Kevin C. Wheeler (admitted *pro hac vice*)
kevin.wheeler@lw.com
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000 Washington,
D.C. 20004
Telephone: (202) 637.3311

# TABLE OF CONTENTS

## Contents

I. SUMMARY OF THE ARGUMENT ....................................................................................1

II. FACTS .........................................................................................................................3

    A. Procedural Posture of this Litigation .................................................................... 3

    B. IPR Proceedings.................................................................................................... 4

    C. MModal's Attempts to Avoid Motion Practice Regarding the Requested
    Stay ....................................................................................................................... 5

III. LEGAL STANDARDS ..................................................................................................5

IV. ARGUMENT ................................................................................................................6

    A. A Stay Pending IPR Will Simplify the Issues and Complete the
    Development of the Intrinsic Record ..................................................................... 6

        1. MModal Has Demonstrated a Reasonable Likelihood of Simplifying this
        Case by Invalidating the '946, '933, and '034 Patents ............................. 7

        2. The Resolution of the IPRs Will Simplify Claim Construction Issues....... 9

    B. This Case is in Early Stages and the PTAB will Issue Final Written
    Decisions Before the Current April 2020 Trial Date ............................................ 11

    C. A Stay would neither Unduly Prejudice Nuance Nor put Nuance at a Clear
    Tactical Disadvantage........................................................................................... 13

V. CONCLUSION...............................................................................................................15

**Cases**

*AIP Acquisition LLC v. Level 3 Commc'ns, LLC*, No. 12-16-GMS, 2014 WL
12642000 (D. Del. Jan. 9, 2014)...................................................................... 6, 11-13

*Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353 (Fed. Cir. 2017) .............................10

*Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, No 12-1107, 2014
WL 1369721 (D. Del. Apr. 7, 2014)...................................................................8

*CallWave Commc'ns, LLC v, AT&T Mobility, LLC, et al.*, No. 12-1701-RGA,
2015 WL 1284203 (D. Del. March 18, 2015)...................................................8

*Contour IP Holding, LLC v. GoPro, Inc.*, 15-1108, 2016 WL 4474340 (D. Del.
July 14, 2016).......................................................................................................13

*Corel Software, LLC v. Microsoft Corp.*, No. 2:15-CV-528-JNP-PMW, 2016 WL
4444747 (D. Utah August 23, 2016)........................................................... 11-12

*Cost Bros., Inc. v. Travelers Indem. Co.* 760 F.2d 58 (3d Cir. 1985)............................5

*Ethicon, Inc. v. Quigg*, 849 F.2d 1422 (Fed. Cir. 1988) ...........................................5

*Ever Win Int'l Corp. v. Radio Shack Corp.*, 902 F. Supp.2d 503 (D. Del. 2012).........................14

*Evolutionary Intelligence LLC v. Yelp Inc.*, No. 13-3587, 2013 WL 6672451
(N.D. Cal. December 18, 2013) ......................................................................12

*Fairfield Indus. v. Wireless Seismic, Inc.*, No. 4:14-CV-2972, 2015 WL 1034275
(S.D. Tex. Mar. 10, 2015).................................................................................10

*First Am. Title Ins. Co. v. MacLaren, L.L.C.*, No. 10-363 (GMS), 2012 WL
769601 (D. Del. Mar. 9, 2012)...........................................................................6

*Grober v. Mako Prods. Inc.*, 686 F.3d 1335 (Fed. Cir. 2012) .......................................9

*Info-Hold, Inc. v. Applied Media Techs. Corp.*, 783 F.3d 1262 (Fed. Cir. 2015)..........................9

*Intellectual Ventures II LLC v. Bancorp*, No. 13-2071, 2014 WL 5369386 (D.
Minn. Aug. 7, 2014).............................................................................................7

*Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 12-1744-GMS, 2013 WL 3353984 (D.
Del. July 2, 2013)........................................................................................ 7, 13-14

*NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-1058, 2015 WL 1069111 (E.D. Tex.
Mar. 11, 2015).......................................................................................................7

*Pegasus Dev. Corp. v. DIRECTV, Inc.*, No. 00-1020, 2003 WL 21105073 (D. Del. May 14, 2003)............................................................................................................8

*Philips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) (en banc).................................9

*Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, No. 12-1461-LPS-CJB, 2017 WL 6375173 (D. Del. Dec. 13, 2017)................................................10

*Riverbed Tech, Inc. v. Silver Peak Sys. Inc.*, No. 1:11-484-RGA, D.I. 170 slip op. (D. Del. Sept. 11, 2013) ...................................................................................8

*Signal IP, Inc. v. Fiat U.S.A., Inc.*, No. 14-cv-13864, 2016 WL 5027595 (E.D. Mich. Sept. 20, 2016)..............................................................................10

*Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368 (Fed. Cir. 2014) ........................8

*Williamson v. Google Inc.*, No. 15-966, 2015 WL 10890658 (N.D. Cal. Oct. 8, 2015) .........................................................................................................7

**Statutes**

35 U.S.C. ............................................................................................... passim

**Other Authorities**

37 C.F.R. § 42.120 ...............................................................................................11

37 C.F.R. § 42.121 ...............................................................................................11

37 C.F.R. § 42.123 ...............................................................................................11

FED. R. CIV. P. § 12(b)(6)......................................................................................3

FED. R. CIV. P. § 30(b)(6)....................................................................................12

In light of the early stage of these proceedings, the significant prospect of streamlining the case, and the lack of prejudice to Plaintiff, Defendant MModal LLC ("MModal") requests a stay of this litigation pending the outcome of three *inter partes* review ("IPR") proceedings recently instituted by the Patent Trial and Appeal Board ("PTAB") concerning three of the four remaining patents in suit, U.S. Patent Nos. 6,999,933 ("the '933 Patent), 7,379,946 ("the '946 Patent"), and 8,117,034 ("the '034 Patent").

## I.    SUMMARY OF THE ARGUMENT

MModal has alleged that Nuance Communications, Inc. ("Nuance") brought this suit for improper, market-motivated reasons, and that its infringement allegations are objectively baseless. (D.I. 41 at 57-65; D.I. 139; D.I. 175 at 53-62). The impact of the IPR petitions that MModal filed against five of the six originally-asserted patents has demonstrated the strength of MModal's allegations. In response to MModal's petitions against U.S. Patent Nos. 6,308,158 ("the '158 Patent") and 9,564,126 ("the '126 Patent"), Nuance disclaimed the asserted claims of the '158 Patent and the '126 Patent, and dismissed those patents from this case with prejudice. (D.I. 93). Now, the PTAB has instituted IPRs on MModal's other three petitions, finding that MModal has demonstrated a reasonable likelihood that at least one claim of each the '946, '933, and '034 Patents ("the Challenged Patents") is unpatentable. These IPRs will address all claims of the Challenged Patents asserted in this litigation. The only other patent asserted in this case, U.S. Patent No. 6,766,295 ("the '295 Patent"), will expire less than three months from now, on May 10, 2019.

In light of these recent developments, the Court should stay this case pending the outcome of the IPRs on the Challenged Patents. A stay will simplify and clarify the issues in dispute and conserve this Court's and the parties' resources. Each of the Challenged Patents implicates different products, technical concepts, legal concepts, damages, and discovery. The

IPRs may dispose of entire patents, and potentially eliminate three of the four remaining patents in this case. Even if some patents or patent claims survive, a stay will simplify the case because of the estoppel effects from the IPR proceedings, and because statements made during the IPRs will likely clarify and narrow the scope of the allegedly infringing activity. Moreover, a stay will promote judicial and party economies, because Nuance has an opportunity to amend its patent claims in the IPR proceedings. Staying this case will ensure that the parties and the Court do not expend resources construing and conducting discovery on claims that may be significantly altered.

The stage of these proceedings also favors a stay. Substantial time remains in the fact discovery period, no depositions have been taken, and expert discovery has not begun. Moreover, Plaintiff has not yet finalized its infringement contentions, Defendant has not yet finalized its invalidity contentions, and no dispositive motions have been filed. Although the parties have filed a Joint Claim Construction Brief and MModal has filed a motion to dismiss the Challenged Patents under 35 U.S.C. § 101, a *Markman* hearing has not been held. An order staying this case may obviate the need for the Court to ever issue a claim construction decision on the challenged patents or decide the outstanding § 101 issues.

Finally, a stay will not unduly prejudice Nuance. Nuance will be able to defend the patentability of the claims of the Challenged Patents before a seasoned panel of experienced PTAB judges. A stay will not significantly delay resolution of this case because the PTAB will issue its final written decision for each IPR by February 20, 2020, prior to the currently scheduled trial date of April 6, 2020. The only patent not challenged in an IPR proceeding – the '295 Patent – expires in less than three months (i.e., on May 10, 2019). Nuance did not move for a preliminary injunction and has not demonstrated any urgency in prosecuting this action. In fact, Nuance let many years pass between the first alleged act of infringement and this suit.

In short, all of the factors that this Court considers in determining whether to grant a stay weigh in its favor. MModal's motion for a stay pending the outcome of the IPR proceedings on the Challenged Patents should be granted.

## II.    FACTS

### A.    Procedural Posture of this Litigation

On October 23, 2017, Nuance filed a complaint accusing MModal of infringing six patents. (D.I. 1 ("Initial Complaint")). MModal filed its answer on December 11, 2017 asserting, among other things, state law counterclaims for abuse of process and unfair competition. (D.I. 22). In support of those state law counterclaims, MModal alleged that Nuance had filed an objectively baseless patent infringement suit, including because the Patents-in-Suit were not infringed and invalid. (*Id*.). On December 11, 2017, MModal also filed a partial motion to dismiss under Rule 12(b)(6), contending that four of the six originally-asserted patents do not claim patent-eligible subject matter under 35 U.S.C. § 101. (D.I. 20).

MModal filed an amended answer on February 20, 2018 (D.I. 41), and, on January 11, 2019, Magistrate Judge Fallon recommended that the Court deny Nuance's motion to dismiss MModal's state law counterclaims (D.I. 48) because "MModal pleads sufficient facts, taken as true, to show the objective baselessness of Nuance's infringement case under the sham litigation exception to the *Noerr-Pennington* doctrine" including because "MModal identifies numerous specific prior art references under §§ 102 and 103 purporting to show that Nuance has no basis for alleging the Asserted Patents are valid and enforceable." (D.I. 139 at 8-9). The Court adopted that recommendation on January 11, 2019. (D.I. 154).

Nuance served its preliminary infringement contentions on June 1, 2018, a Reduction of Asserted Claims on August 13, 2018 (D.I. 84), and a Corrected Reduction of Asserted Claims on August 14, 2018 (D.I. 85). MModal served its initial invalidity contentions on July 16, 2018 and

its initial prior art narrowing on September 10, 2018 (D.I. 92). As further described below, MModal filed its petitions for *inter partes* review of the '946 Patent, '126 Patent, '158 Patent, '933 Patent, and '034 Patent in June and July of 2018. In response, Nuance disclaimed all of the asserted claims of the '126 and '158 Patents, and the parties filed a stipulation of dismissal of all claims related to the '158 and '126 Patents on September 11, 2018. (D.I. 93).

On December 14, 2018, Magistrate Judge Fallon issued a Report and Recommendations concerning MModal's partial motion to dismiss under 35 U.S.C. §101, recommending the Court grant MModal's motion with respect to the '946 Patent and deny the motion with respect to the '933 and '034 Patents. (D.I. 131 ("Report & Recommendation")).

Nuance filed a First Amended Complaint on January 25, 2019 asserting the three Challenged Patents and the '295 Patent. (D.I. 163). On January 31, 2019, the Court renewed Defendant's Partial Motion to Dismiss as it related to the First Amended Complaint patents. (D.I. 168). MModal's Answer and Counterclaims to Nuance's First Amended Complaint was filed on February 8, 2019, and Nuance answered MModal's counterclaims on February 22, 2018. (D.I. 175; D.I. 179).

There are currently three and a half months left in fact discovery (set to close June 15, 2019). (D.I. 34). Each party has produced documents, but neither party has taken any depositions. The parties' technology tutorials and Joint Claim Construction Brief were filed on December 21, 2018, but the *Markman* hearing is not scheduled until April 8, 2019. (Oral Order, December 19, 2018). Expert discovery does not open until July 15, 2019 and the trial is not scheduled until April 6, 2020. (D.I. 34).

### B. IPR Proceedings

MModal filed a petition for *inter partes* review of claims 1-3 and 10-13 of the '158 Patent on June 20, 2018 (IPR2018-01291), a petition for *inter partes* review of claims 1, 2, 5, 8,

9, 11, 12, 13, 15, and 16 of the '126 Patent on June 26, 2018 (IPR2018-01337), a petition for *inter partes* review of claims 1-6 of the '946 Patent on July 5, 2018 (IPR2018-01355), a petition for *inter partes* review of claims 9-11 of the '933 Patent on July 20, 2018 (IPR2018-01435), and a petition for *inter partes* review of claims 8 and 13 of the '034 Patent on July 20, 2018 (IPR2018-01431).

On September 7, 2018, Nuance filed a response to IPR2018-01291 and a disclaimer of claims 1-3 and 10-13 of the '158 Patent. In other words, Nuance disclaimed all claims of the '158 Patent challenged in the petition. On November 9, 2018, Nuance filed a response to IPR2018-01337 and a disclaimer of claims 1, 8, 12, and 16 of the '126 Patent, which are all of the claims asserted against MModal in the present litigation. Shortly thereafter, as noted above, Nuance dismissed the '158 Patent and the '126 Patent from the case with prejudice. (D.I. 95).

Nuance also filed a response to IPR2018-01355 on November 9, 2018 and responses to IPR2018-01431 and IPR2018-01435 on November 21, 2018. The PTAB instituted trials on IPR2018-01355 on February 6, 2019, IPR2018-01435 on February 19, 2019, and IPR2018-01431 on February 20, 2019 on all asserted grounds and all asserted claims of the Challenged Patents. (Exs. 1-3 to Gunther Declaration).

### C. MModal's Attempts to Avoid Motion Practice Regarding the Requested Stay

On February 26, 2019, less than a week after receiving the final IPR institution decision, MModal sought Nuance's agreement to stipulate to a stay of this litigation pending the IPRs. (Gunther Declaration at ¶ 5, Ex. 4). The parties met and conferred on February 27, 2019 and Nuance's counsel indicated that Nuance would oppose MModal's motion to stay. (*Id.*).

## III. LEGAL STANDARDS

This Court has broad discretion to stay pending IPR proceedings. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); *Cost Bros., Inc. v. Travelers Indem. Co.* 760 F.2d 58

(3d Cir. 1985); *First Am. Title Ins. Co. v. MacLaren, L.L.C.*, No. 10-363 (GMS), 2012 WL 769601, at *4 (D. Del. Mar. 9, 2012). In determining whether to grant a requested stay, courts in this District consider three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *AIP Acquisition LLC v. Level 3 Commc'ns, LLC*, No. 12-16-GMS, 2014 WL 12642000, at *1 (D. Del. Jan. 9, 2014). If the Court finds that the balance of the three factors favors a stay, then a stay should be ordered. *Id.* at *3. As explained below, all three factors favor staying this case pending resolution of the IPR proceedings on the Challenged Patents.

## IV. ARGUMENT

### A. A Stay Pending IPR Will Simplify the Issues and Complete the Development of the Intrinsic Record

As explained above, the mere filing of MModal's IPR petitions already has simplified the issues in this litigation because it prompted Nuance to voluntarily dismiss the '158 and '126 Patents with prejudice. Moreover, staying this case until the conclusion of the instituted IPRs on the remaining Challenged Patents will unquestionably simplify issues in this case. As another judge in this District previously found:

> There are a number of ways staying a case pending PTO review can simplify litigation: (1) all prior art presented to the court at trial will have been first considered by the PTO with its particular expertise, (2) many discovery problems relating to the prior art can be alleviated, (3) if patent is declared invalid, the suit will likely be dismissed, (4) the outcome of the reexamination may encourage a settlement without further involvement of the court, (5) the record of the reexamination would probably be entered at trial, reducing the complexity and the length of the litigation, (6) issues, defenses, and evidence will be more easily limited in pretrial conferences and (7) the cost will likely be reduced both for the parties and the court.

*Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 12-1744-GMS, 2013 WL 3353984, at *4 (D. Del. July 2, 2013) (citing *Gioello Enters. Ltd. v. Mattel, Inc.*, No. 99-375-GMS, 2001 WL 125340, at *1 (D. Del. Jan. 29, 2001)). For the reasons cited above, the mere fact that the PTAB has decided to institute these IPRs means that there is a substantial likelihood that this litigation will be simplified by the IPRs. *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-1058, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015) ("[t]he PTAB's decision to institute *inter partes* review ordinarily means that there is a substantial likelihood of simplification of the district court litigation…"). But there are further facts specific to this case that demonstrate why a stay will conserve the resources of the parties and Court.

### 1. MModal Has Demonstrated a Reasonable Likelihood of Simplifying this Case by Invalidating the '946, '933, and '034 Patents

By instituting the three IPRs, the PTAB concluded that there is a reasonable likelihood that MModal will invalidate at least one asserted claim in each of the Challenged Patents. (*See* Ex. 1 to Gunther Declaration, IPR2018-01355, Paper 7 at 37 (P.T.A.B. February 6, 2019); Ex. 2 to Gunther Declaration, IPR2018-01435, Paper 7 at 36-37 (P.T.A.B. February 19, 2019); Ex. 3 to Gunther Declaration, IPR2018-01431, Paper 7 at 28 (P.T.A.B. February 20, 2019)). *See also Intellectual Ventures II LLC v. Bancorp*, No. 13-2071, 2014 WL 5369386, at *6 (D. Minn. Aug. 7, 2014) (concluding a stay likely because, *inter alia*, "[t]he PTO has already instituted IPR proceedings on the [asserted] Patent and thus, has already found that there is a 'reasonable likelihood' that the asserted claims . . . are invalid based on prior art."). If MModal were to successfully invalidate all of the claims in the Challenged Patents, then a majority of the currently asserted claims – ten out of seventeen – would be invalidated. This is a "strong factor that weighs in favor of a stay." *See Williamson v. Google Inc.*, No. 15-966, 2015 WL 10890658, at *2 (N.D. Cal. Oct. 8, 2015).

Although the claims of the '295 Patent are not subject to an IPR, a stay is still appropriate in this case. As this Court and others have recognized, even if not all asserted claims are under administrative review, a stay is warranted because an "IPR is likely to alter the landscape in such a way as to simplify matters for trial." *CallWave Commc'ns, LLC v, AT&T Mobility, LLC, et al.*, No. 12-1701-RGA, 2015 WL 1284203 at *1 (D. Del. March 18, 2015); *see also Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, No 12-1107, 2014 WL 1369721, at *1 (D. Del. Apr. 7, 2014) (granting motion to stay where two of six asserted patents were not challenged, two were the subject of instituted IPRs, and two were subject of IPR petitions); *Riverbed Tech, Inc. v. Silver Peak Sys. Inc.*, No. 1:11-484-RGA, D.I. 170 slip op., at 1 (D. Del. Sept. 11, 2013) (granting motion to stay where PTO reexaminations were pending on two out of three patents-in-suit, noting "simplification favors a stay . . . . It appears reasonably likely that two of the three patents will go away, and, if they do not, invalidity challenges will be limited due to the binding effect of the inter partes reexam"); *Pegasus Dev. Corp. v. DIRECTV, Inc.*, No. 00-1020, 2003 WL 21105073, at *2 (D. Del. May 14, 2003) (granting a stay where a reexamination request had been granted for only one of six asserted patents because "a stay may result in simplification or reduction of issues for the court's consideration…"). Simply put, these cases stand for the commonsense proposition that "there can still be simplification of the issues when only some, but not all, of the claims asserted in litigation are challenged…" *Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1372 (Fed. Cir. 2014).

Here, if MModal prevails invalidating all claims in each of the IPRs, only the '295 Patent would remain in this litigation. Such a result would unquestionably simplify the issues in this case. For example, the number of accused products at issue would be reduced.[1] The

---

[1] Nuance has identified "Fluency Direct, Fluency for Transcription, Fluency for Imaging, Fluency Flex, Fluency Mobile, CDI Assess, CDI Engage, and reasonably similar products" as

(Continued…)

technologies at issue in the case also would be narrowed.[2]  The same would be true even if MModal prevailed on only one or two of the IPRs and not all of them.  This is not a case where a plaintiff has asserted a number of different patents against the same products and product features.  Thus, Nuance cannot credibly dispute that the IPRs of three of the four patents-in-suit are likely to have a simplifying effect on this case.

### 2.    The Resolution of the IPRs Will Simplify Claim Construction Issues

Should MModal prevail in the three IPRs, then the majority of the claim construction issues presented for the Court to decide will be resolved or rendered moot.  Indeed, ten of the fifteen claim terms in the Joint Claim Construction Brief are from the '946, '933, and '034 Patents.  As such, two thirds of the claim construction disputes will be resolved if these three patents are invalidated.

The case will be streamlined even if MModal is not successful in invalidating all asserted claims.  That is because the IPR proceedings will become part of the intrinsic record for the Challenged Patents.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005) (en banc); *see also Grober v. Mako Prods. Inc.*, 686 F.3d 1335, 1341 (Fed. Cir. 2012).  Post-issuance reexamination proceedings have always been considered intrinsic evidence, *see, e.g.*, *Info-Hold, Inc. v. Applied Media Techs. Corp.*, 783 F.3d 1262, 1266 (Fed. Cir. 2015), and "an IPR

---

(Continued…)

infringing the '295 Patent, and "AnyModal Editor, DocQSpeech/DocQScribe, and reasonably similar products" as infringing the '933 and '034 Patents.  (D.I. 163, ¶¶ 12, 21, 39-53, 55-65, 67-78).

[2] The accused functionality for the '946 Patent, i.e., natural language processing, differs from the accused functionality for the '295 Patent, i.e., the adaption of a speech recognition system across multiple remote sessions with a speaker.  The accused functionality for the '933 and '034 Patents relate to two different implementations of a transcription editing interface and those implementations also do not overlap with the technology at issue with respect to the '946 and '295 Patents.

proceeding involves the reexamination of a patent." *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1360 (Fed. Cir. 2017).

As part of the intrinsic record, Nuance's statements made during the forthcoming IPR proceedings "can be considered for claim construction." *Aylus*, 856 F.3d at 1360-62. Those statements may include defining claim terms and "mak[ing] representations about claim scope to avoid prior art." *Id.* The Federal Circuit has in fact encouraged the reliance on such statements because they "promote[] the public notice function of the intrinsic evidence and protect[] the public reliance on definitive statements made during IPR proceedings." *Id.* (emphasis added) (citation omitted).[3]

Nuance has already presented arguments about the scope of the asserted claims, the claimed inventions, and their relationship to the cited prior art in its Preliminary Responses to the IPRs. (*See*, *e.g.*, Ex. 5 to Gunther Declaration, IPR2018-01355, Paper 6 at 19-25 (P.T.A.B. November 9, 2018); Ex. 6 to Gunther Declaration, IPR2018-01435, Paper 6 at 27-32, 36-54 (P.T.A.B. November 21, 2018); and Ex. 7 to Gunther Declaration, IPR2018-01431, Paper 6 at 27-29, 31-52 (P.T.A.B. November 21, 2018)). With respect to the '034 and '933 Patents, the PTAB has indicated that additional briefing and arguments regarding the scope of certain claim terms is welcome and potentially necessary for the resolution of the IPRs. (*See* Ex. 2 to Gunther Declaration at 24-25; and Ex. 3 to Gunther Declaration at 8-9 ("we welcome further briefing regarding whether the challenged claims require simultaneous display of an audio cursor and a text cursor. Additionally, we welcome briefing on the broadest reasonable interpretation of the claim term 'cursor,' itself.")). Consequently, Nuance likely will present arguments in the IPRs

---

[3] *See also*, *e.g.*, *Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, No. 12-1461-LPS-CJB, 2017 WL 6375173, at *5 (D. Del. Dec. 13, 2017); *Signal IP, Inc. v. Fiat U.S.A., Inc.*, No. 14-cv-13864, 2016 WL 5027595, at *16 (E.D. Mich. Sept. 20, 2016); *Fairfield Indus. v. Wireless Seismic, Inc.*, No. 4:14-CV-2972, 2015 WL 1034275, at *5 (S.D. Tex. Mar. 10, 2015).

addressing both the construction of certain claim terms and the relationship between the claimed invention and the cited prior art. *See* 37 C.F.R. §§ 42.120, 42.123.

Moreover, Nuance has the ability to amend the claims during the IPRs. *See* 37 C.F.R. § 42.121. And under the current IPR scheduling orders, the last deadline for Nuance to amend the claims is not until May 20, 2019 – more than a month after the currently-scheduled *Markman* hearing. (Exs. 8-10 to Gunther Declaration). Thus, there is a chance that, absent a stay, the Court may engage in claim construction for terms that may be amended in the IPRs. With a stay, the Court will have the opportunity to consider a full intrinsic record, with the knowledge of which claims survived IPR scrutiny and in what form. *See AIP*, 2014 WL 12642000, at *2 (granting stay and noting "the benefit of the IPR record in any post-stay *Markman* process…"); *see also Corel Software, LLC v. Microsoft Corp.*, No. 2:15-CV-528-JNP-PMW, 2016 WL 4444747 (D. Utah August 23, 2016).

For all of the foregoing reasons, the requested stay presents significant opportunities to eliminate or at least streamline the issues that the Court and the parties litigate in this case. This factor strongly supports a stay.

### B. This Case is in Early Stages and the PTAB will Issue Final Written Decisions Before the Current April 2020 Trial Date

While it is true that the parties and Court have spent some resources on early motion practice on the sufficiency of the parties' claims, it is also true that in the overall scheme of the case, much work remains for both the Court and the parties. Fact discovery remains open and will not close for nearly three months. Expert discovery does not begin until July of 2019. Nuance has not yet served its final infringement contentions, which are not due until May 1, 2019, nor has MModal served its final invalidity contentions, which are not due until June 3, 2019. (D.I. 34). The Court is not holding its *Markman* hearing until April 8, 2019, and the Court has not issued a *Markman* order or ruled on MModal's Partial Motion to Dismiss.

No party has taken depositions, and only one deposition has been noticed, on an incomplete set of Rule 30(b)(6) topics.[4]  Third-party discovery has been limited to potential sources of prior art and has included only document production.  Expert discovery is not scheduled to be completed until October 21, 2019.

The pre-*Markman* hearing posture of this litigation presents a particularly good time for a stay, because a stay will allow the Court and the parties "to avoid wasting resources on a *Markman* hearing and at trial to address claims that have a 'reasonable likelihood' of being amended or canceled."  *AIP*, 2014 WL 12642000, at *2.  In any event, the Court and the parties stand to benefit from a complete IPR record on claim construction, no matter how the PTAB rules on unpatentability.  As discussed above, *see* § IV(A) *infra*, if a claim of a Challenged Patent survives IPR, the Court and parties will still enjoy "the benefit of the IPR record in any post-stay *Markman* process."  *Id.*; *see also Corel*, 2016 WL 4444747, at *2.

In contrast, not entering a stay could result in a significant waste of the parties' and the Court's resources.  *See, e.g., Evolutionary Intelligence LLC v. Yelp Inc.*, No. 13-3587, 2013 WL 6672451, at *6 (N.D. Cal. December 18, 2013) ("If the PTAB finds that some or all of the asserted claims of the Asserted Patents are invalid or subject to modification, the Court will have wasted resources and the parties will have expended funds addressing invalid claims or claims subsequently modified during reexamination") (citation omitted)).  Without a stay, the parties would complete fact discovery (necessitating the Court's intervention on any disputes), provide expert reports and take expert depositions, as well as file dispositive and *Daubert* motions, all on a set of patents and claims that may later be invalidated or amended.

---

[4] Nuance has noticed a Rule 30(b)(6) deposition of MModal currently scheduled for March 7, 2019 on a limited set of damages-related issues.  (Ex. 11 to Gunther Declaration; D.I. 174).  Nuance's counsel has indicated that it anticipates serving "at least one other" 30(b)(6) deposition notice on MModal.  (Ex. 12 to Gunther Declaration).

Accordingly, the procedural posture of this case supports a stay.

**C.     A Stay would neither Unduly Prejudice Nuance Nor put Nuance at a Clear Tactical Disadvantage**

Courts in this District gauge undue prejudice and tactical disadvantage under four factors: (1) the timing of the request for review; (2) the timing of request for stay; (3) the status of review proceedings; and (4) the relationship of the parties. *Contour IP Holding, LLC v. GoPro, Inc.*, 15-1108, 2016 WL 4474340, at *4 (D. Del. July 14, 2016) (citing *Neste*, 2013 WL 3353984, at *2). Under these factors, Nuance will not be unduly prejudiced nor put at a tactical disadvantage by the requested stay.

The timing of the request for review and the timing of the request for stay, factors (1) and (2), each support a stay. MModal filed all of its IPR petitions more than three months prior to the one-year statutory deadline of October 23, 2018,[5] began the process of moving for a requested stay immediately upon receipt of the PTAB's final institution decision, and is filing this motion within eight (8) days of the issuance of that decision. Frankly, it is hard to contemplate MModal moving with any more speed on the petitions (in light of the number of patents and claims at issue) and requested stay (in light of the meet and confer requirement). Accordingly, MModal timely moved for a stay upon institution. *See Neste*, 2013 WL 3353984, at *2; *see also Contour*, 2016 WL 4474340, at *4 (noting request for stay came "at an understandable time" in the litigation); *AIP*, 2014 WL 12642000, at *3 ("The timing of the *inter partes* review petitions and motion to stay does not suggest the defendants sought an unfair tactical advantage.").

---

[5] MModal filed IPR petitions on a rolling basis, as the investigation, drafting, and expert declarations for each petition was completed. For example, IPR2018-01291 was filed on June 20, 2018; IPR2018-01337 was filed on June 26, 2018; IPR2018-01355 was filed on July 5, 2018; and IPR2018-01431 and IPR2018-01435 were filed on July 20, 2018.

The status of the review proceedings, factor (3), also supports a stay. The PTAB has instituted IPRs on all asserted claims in each of the Challenged Patents and will issue final written decisions on all of the IPRs by February 20, 2020, before the currently-scheduled April 2020 trial date.

The relationship of the parties, factor (4), either weighs in favor of a stay or, at most, is neutral. Nuance's actions before and during this litigation demonstrate that Nuance will not be unduly prejudiced by the requested stay. MModal and Nuance may be competitors, but Nuance waited until October 23, 2017 to file suit, *over five years* after some of the accused CAPD and accused Transcription services entered the market in 2012.[6] Nuance has admitted that it was aware of each accused product "shortly after MModal publicly announced" each product. (*See* Ex. 13 to Gunther Declaration, Nuance Communications, Inc.'s Second Supplemental Objections and Responses to MModal LLC's First Set of Interrogatories (Nos. 1-11) (Dec. 3, 2018)). Moreover, the remaining patents-in-suit issued between 2004 and 2012. Therefore, Nuance delayed for several years before bringing its patent infringement suit against MModal. The fact that Nuance was content to share the market with MModal for so many years undercuts any notion that the requested stay might create undue harm or prejudice to Nuance.

In addition, Nuance did not seek preliminary injunctive relief, which weighs even further against undue prejudice and supports a stay. *See Neste*, 2013 WL 33539874, at *4; *Ever Win Int'l Corp. v. Radio Shack Corp.*, 902 F. Supp.2d 503, 511 (D. Del. 2012) ("Plaintiff never sought a preliminary injunction, which suggests that any prejudice to Plaintiff that might result

---

[6] As detailed in MModal's Amended Answer, Fluency Direct, Fluency for Transcription, and Fluency for Imaging were each available at least as of May 9, 2012, MModal Catalyst was available at least as of June 12, 2012, Fluency Flex for Mobile was available at least as of October 17, 2013, Fluency Direct with CAPD was available at least as of September 29, 2014, and software including CDI Assess and CDI Engage were available at least as of April 7, 2015. (D.I. 175 at 146-150).

from delaying the ultimate resolution of this dispute is not as severe as it contends."). The success that MModal has achieved in the IPRs to date supports MModal's allegations that Nuance's suit was objectively baseless and motivated not by a desire to vindicate its patent rights against a competitor, but rather to punish MModal in the marketplace. As such, Nuance cannot credibly claim that a one-year delay in enforcing the patents-in-suit will cause it competitive harm.

It is also telling that the sole patent that is not subject to an IPR, i.e., the '295 Patent, will expire on May 10, 2019. Nuance waited until the '295 Patent was close to expiration before asserting it against MModal. Any alleged damages owed for by MModal for alleged infringement of that patent would end nearly a year before the currently-scheduled trial date. For that reason, a stay also will not prejudice Nuance in its enforcement of the '295 Patent.

Nuance will be hard-pressed to explain why the requested stay would unduly prejudice Nuance or create a clear tactical disadvantage for Nuance. Thus, this factor weighs in favor of a stay.

## V.  CONCLUSION

In Summary, all of the factors that this Court considers support a stay pending conclusion of the IPRs on the Challenged Patents. MModal respectfully requests that the Court stay this litigation until the IPRs are concluded, with MModal to file a status report at that time.

Dated:  February 28, 2019          Respectfully submitted,

**DUANE MORRIS LLP**

*/s/ Richard L. Renck*
Richard L. Renck (#3893)
Duane Morris LLP
222 Delaware Avenue
Suite 1600
Wilmington, DE  19801
Tel.:  (302) 657-4900
rlrenck@duanemorris.com

*Counsel for Defendant MModal LLC*