
1313 North Market Street
P.O. Box 951
Wilmington, DE 19801- 0951
302 984 6000
www.potteranderson.com

Bindu A. Palapura
Partner
Attorney at Law
bpalapura@potteranderson.com
302 984-6092 Direct Phone
302 658-1192 Firm Fax

June 19, 2020

**VIA ELECTRONIC FILING**

The Honorable Maryellen Noreika
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

    Re:    *Nuance Communications, Inc. v. MModal LLC*, C.A. No. 17-1484-MN

Dear Judge Noreika:

The parties jointly submit this letter regarding the case schedule in light of the Court's order postponing the *Markman* hearing that was previously scheduled for June 16, 2020 and allowing Nuance to assert dependent claims 4, 5, 9, 70, 71 and 74 of U.S. Patent No. 6,766,295 ("the '295 patent"). The parties continue to have differing views as to a revised schedule and have each provided a short statement below and a table that sets forth the competing proposals along with the current schedule.

**Nuance's Position**

The dispute centers on how much time is appropriate for MModal to provide initial invalidity contentions and identify claim terms from dependent claims 4, 5, 9, 70, 71 and 74 of U.S. Patent No. 6,766,295 ("the '295 patent"), which in turn impacts the remaining dates in the schedule. Nuance's schedule sets July 10, 2020 as the deadline for MModal's invalidity contentions on the new asserted dependent claims, which is 30 days from the parties June 10, 2020 teleconference with the Court and 99 days from when Nuance served its supplemental infringement contentions on April 3, 2020. D.I. 237. Thus, even if Nuance's contentions are deemed to be served as of the June 10 teleconference, Nuance's proposed schedule provides MModal exactly the amount of time it would have under the default Delaware rules. The remaining dates in Nuance's schedule provide sufficient time to identify any new terms for construction, submit page-limited supplemental briefing on any additional claim terms, serve final contentions, complete fact and expert discovery, and file dispositive motions—all without having to adjust the trial date. In contrast, MModal's proposed schedule delays initial invalidity contentions on the dependent claims until August 7, 2020, which is 59 days from the Court teleconference and 127 days from when Nuance served its supplemental infringement contentions. There is simply no basis for MModal to argue that the time provided in the DE default rules is insufficient to provide initial invalidity contentions on six dependent claims. Moreover, MModal ignores that it has actually been aware of the asserted dependent claims since April 3, 2020. Accordingly, the Court should reject MModal's unwarranted attempt to delay the trial in this case, which has been pending since October 2017.

The Honorable Maryellen Noreika
June 19, 2020
Page 2

**MModal's Position**

Nuance seeks to have it both ways—add six new claims at this late juncture while having no meaningful delay. In doing so, Nuance proposes a schedule that substantially impairs MModal's ability to defend itself against Nuance's new claims, and unnecessarily compresses the deadlines for invalidity contentions, claim construction briefing, expert discovery, and pretrial activities in an overt effort to keep the same trial date. Such a schedule would severely prejudice MModal (and inconvenience the Court). If Nuance wants to keep the original trial date, it is free to proceed without the addition of the new claims.

MModal's proposed schedule sets a reasonable amount of time for the critical deadlines in a patent case and is consistent with the amount of time provided in the Court's previous orders in this case. *See* D.I. 34, 243. However, recognizing that this case is not starting over completely, some deadlines in MModal's schedule are slightly shorter. For example, MModal's proposed schedule provides 59 days to serve its invalidity contentions, far less than the 123 days it had to serve invalidity contentions based on Nuance's initial disclosure of asserted claims. *See* D.I. 34 at 2. Nuance's proposed schedule, in contrast, would require MModal to serve contentions only 30 days after the Court allowed Nuance to assert its new patent claims. Nuance's proposed schedule does not allow sufficient time for MModal to obtain from third parties the prior art necessary to invalidate Nuance's newly-asserted claims, especially given that MModal has already been informed that such third-party discovery will be delayed due to COVID19. With respect to claim construction, MModal's proposed schedule provides between one and two weeks between each deadline, allowing for an orderly disclosure process designed to crystallize actual claim construction disputes that require the Court's intervention. Nuance's schedule, however, provides as little as 3-4 days, in some instances, between deadlines. Moreover, Nuance's schedule compresses expert discovery and pretrial activities without any justification. Again, MModal's proposed schedule is consistent with the Court's previous schedules, as reflected in the chart below.

| Event | Current Schedule | Nuance's Proposal | MModal's Proposal |
|---|---|---|---|
| Defendant's Initial Invalidity Contentions for claims 4, 5, 9, 70, 71, 74 of 295 Patent | -- | July 10, 2020 | August 7, 2020 |
| Parties Exchange List of New Terms To Construe & Proposed Constructions | -- | July 14, 2020 | August 21, 2020 |
| File Joint Claim Construction Chart | -- | July 17, 2020 | August 28, 2020 |
| Nuance Supplemental Opening Claim Construction Brief (10 page limit) | -- | July 24, 2020 | September 11, 2020 |

The Honorable Maryellen Noreika
June 19, 2020
Page 3

| Event | Current Schedule | Nuance's Proposal | MModal's Proposal |
|---|---|---|---|
| MModal Supplemental Answering Claim Construction Brief (10 page limit) | -- | July 31, 2020 | September 25, 2020 |
| Nuance Supplemental Reply Claim Construction Brief (5 page limit) | -- | August 7, 2020 | October 7, 2020 |
| MModal Supplemental Sur-reply Claim Construction Brief (5 page limit) | -- | August 14, 2020 | October 16, 2020 |
| Joint Supplemental Claim Construction Brief | -- | August 18, 2020 | October 23, 2020 |
| *Markman* Hearing | -- | At the Court's convenience | At the Court's convenience |
| Final Infringement Contentions | August 3, 2020 | October 2, 2020 | December 23, 2020 |
| Final Claim Narrowing (D.I. 82) | August 3, 2020 | October 2, 2020 | December 23, 2020 |
| Final Invalidity Contentions | September 3, 2020 | November 2, 2020 | January 15, 2021 |
| Final Prior Art Narrowing (D.I. 82) | September 3, 2020 | November 2, 2020 | January 15, 2021 |
| Fact Discovery Cutoff | September 15, 2020 | November 9, 2020 | January 22, 2021 |
| Opening Expert Reports | October 15, 2020 | November 27, 2020 | February 19, 2021 |
| Rebuttal Expert Reports | November 16, 2020 | December 22, 2021 | March 19, 2021 |
| Reply Expert Reports | December 9, 2020 | January 19, 2021 | April 9, 2021 |
| Expert Discovery Cutoff | January 22, 2021 | February 9, 2021 | May 7, 2021 |
| Case Dispositive Motions filed by | February 23, 2021 | February 23, 2021 | June 4, 2021 |
| Pre-trial Conference | August 23, 2021 | August 23, 2021 | At the Court's convenience |
| Trial date | August 30, 2021 | August 30, 2021 | At the Court's convenience |

Counsel remain available at the Court's convenience to address any questions Your Honor may have.

    Respectfully,

    */s/ Bindu A. Palapura*

    Bindu A. Palapura
    *Attorney for Plaintiff Nuance Communications, Inc.*

    -and-

    */s/ Richard L. Renck*

    Richard L. Renck
    *Attorney for Defendant MModal LLC*

BAP:nmt/6770793/43964
cc:    Counsel of Record (Via Electronic Mail)