# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC., ) | |
| ) | |
| Plaintiff, ) | C.A. No. 17-1484-MN |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| MMODAL LLC, ) | **PUBLIC VERSION** |
| ) | |
| Defendant. ) | |

## LETTER TO THE HONORABLE MARYELLEN NOREIKA
## FROM BINDU A. PALAPURA, ESQUIRE

OF COUNSEL:

David J. Lender
Anish R. Desai
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000

Stephen Bosco
WEIL GOTSHAL & MANGES, LLP
2001 M Street, NW Suite 600
Washington, DC 20036
Tel: (202) 682-7000

Amanda Branch
WEIL GOTSHAL & MANGES, LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000

David Greenbaum
NUANCE COMMUNICATIONS, INC.
1111 Macarthur Blvd.
Mahwah, NJ 07430
Tel: (201) 252-9100

Dated: July 31, 2020
6826770 / 43964

Public Version Dated: August 14, 2020

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiff*
*Nuance Communications Inc.*



1313 North Market Street
P.O. Box 951
Wilmington, DE 19801- 0951
302 984 6000
www.potteranderson.com

Bindu A. Palapura
Partner
Attorney at Law
bpalapura@potteranderson.com
302 984-6092 Direct Phone
302 658-1192 Firm Fax

July 31, 2020

Public Version Dated: August 14, 2020

**VIA ELECTRONIC FILING**

The Honorable Maryellen Noreika
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

**PUBLIC VERSION**

      Re:   *Nuance Communications, Inc. v. MModal LLC,* C.A. No. 17-1484-MN

Dear Judge Noreika:

Pursuant to the Court's July 10, 2020 Order (D.I. 267), Nuance submits this opening letter in advance of the August 6, 2020 discovery dispute teleconference.  Nuance raises two issues.

**I.  Motion to Compel Supplemental Responses to Interrogatory Nos. 19-20 or Alternatively Strike Unsupported Statements Therein**

Nuance respectfully requests that the Court compel MModal to supplement its responses to Interrogatory Nos. 19-20 to provide the factual bases regarding its allegations with respect to ███████████████████████████, and MModal's executive team.  Ex. A (MModal Responses to ROGs 19-20), at 7, 29.  If MModal is unable to provide the factual bases for these allegations, Nuance respectfully requests that the Court strike the unsubstantiated allegations in these responses that are related to MModal's abuse of process and unfair competition counterclaims.

First, MModal states that ████████████████ "informed MModal that, on the same day that Nuance's suit was filed against MModal, that a representative from Nuance approached ███████ with the press release about the suit and…proposed new pricing for Nuance's solutions for ██████" Ex. A at 27.  Despite numerous requests from Nuance, MModal has failed to identify any facts supporting these allegations, such as the alleged representative from █████ who at MModal the █████ representative allegedly spoke to, who at Nuance allegedly approached ██████ any corroborating documentation, or any alleged business losses.

Second, MModal alleges that ██████████████████…was concerned about Nuance's litigious nature and the possibility that the ongoing litigation would impair MModal's or its own business."  Ex. A at 28.  But again, MModal fails to provide the facts supporting this allegation or any corroborating documentation.

Finally, MModal's responses state that its "executive team has expended substantial time and energy addressing Nuance's spurious accusations with its investors, customer base, and potential customers."  Ex. A at 28.  Again, no individuals or supporting evidence is identified.

The Honorable Maryellen Noreika
July 31, 2020
Page 2

MModal justifies its failure to supplement by arguing that discovery is ongoing and that Nuance needs to complete its production concerning the press release. Ex. B (7/17 Ltr. from S. O'Donohue to S. Kundu) at 3. These arguments are improper because MModal was required to have factual bases for making these statements in its interrogatory responses. Further, by withholding this relevant information, MModal is impeding Nuance's ability to investigate and respond to MModal's claims. Notably, MModal only survived a motion to dismiss based on these statements it now fails to substantiate. *See* D.I. 139 at 7 (recommending denial of motion to dismiss and explaining that MModal's counterclaims "are based in large part on Nuance's dissemination of a press release after the filing of the litigation and Nuance's subsequent campaign to use the press release discussing the suit to propose new pricing arrangements for MModal's customers."). Assuming MModal has factual bases, it is obligated to provide them. If MModal does not, then these allegations should be stricken from the responses.

## II. Motion to Compel Production of IP Indemnity Escrow Amount

Nuance respectfully requests that the Court compel MModal to produce the ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ contained in the 3M/MModal Merger Agreement. This information is responsive to Nuance's Request for Production Nos. 37, 39-40, 47. *See* Ex. C (MModal Responses to RFPs). After Nuance filed this litigation, major portions of MModal's business—including the entities responsible for most of the products Nuance accuses of infringement—were acquired by 3M. *See* Ex. D (3M Press Release). Nuance sought production of a merger agreement between 3M and MModal reflecting the terms of the acquisition. MModal produced the agreement, but with improper redactions. MModal has since removed many redactions, but continues to redact ▮▮▮▮▮▮▮▮ established by the merger agreement. Ex. E (Merger Agreement, MModal0117422 at MModal0117441). As other provisions of the merger agreement make clear, the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id*. (at MModal0117435). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and should not be redacted, as it is relevant and not privileged.

Regarding relevance, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is probative of the reasonable royalty that would have resulted from a hypothetical negotiation, and serves as an appropriate check on the parties' damages expert opinions. *See in re MSTG, Inc.*, 675 F.3d 1337, 1348 (Fed. Cir. 2012) (noting that "[o]ur cases appropriately recognize that settlement agreements can be pertinent to the issue of reasonable royalties" and upholding decision to order production of settlement negotiation documents "because they might contain information showing that the grounds [MSTG's expert] relied on to reach his conclusion are erroneous"); *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (identifying "the extent to which the infringer has made use of the invention; and *any evidence probative of the value of that use*" as factors to be considered in the reasonable royalty analysis). The total consideration 3M paid to acquire MModal's infringing technology business is likewise relevant to the reasonable royalty analysis. *See e.g.*, *Integra Lifesciences I, Ltd. v. Merck KGaA*, 331 F.3d 860, 871 (Fed. Cir. 2003), *vacated on other grounds*, 545 U.S. 193 (2005) (vacating damages award because, *inter alia*, the analysis supporting it did not account for "overall acquisition price" paid for patentee's entire business); *GolfSwitch Inc. v. Incuborn Sols., Inc.*, No. CV 06-01119-PHX-NVW, 2008 WL 11339945, at

The Honorable Maryellen Noreika
July 31, 2020
Page 3

*4 (D. Ariz. Oct. 30, 2008) (ordering production of "[t]he acquisition agreement involving Comcast's purchase of [an accused infringer], including all schedules, exhibits, attachments, or listings" because relevant to "patent infringement damages"). Nuance's damages expert cannot evaluate that consideration without access to all provisions of the merger agreement, ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓.

In addition, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is not privileged. MModal incorrectly asserts that the common interest privilege protects disclosure of ▓▓▓▓▓▓▓▓▓▓. *See* Ex. F (7/27 Email from S. O'Donohue to S. Kundu) at 1. First, ▓▓▓▓▓▓▓▓▓▓▓▓ does not constitute legal advice to which a privilege could apply. *See, e.g., 99 Wall Dev. Inc. v. Allied World Specialty Ins. Co.*, No. 18-CV-126 (RA) (KHP), 2019 WL 2482356, at *5 (S.D.N.Y. June 14, 2019) ("The factual level of the reserve is not privileged..."). Further, the common interest privilege cannot apply because the shareholders of 3M and MModal had *adverse interests* in negotiating ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓ 3M's interests in negotiating ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See, e.g., 3Com Corp. v. Diamond II Holdings, Inc.*, No. CIV.A. 3933-VCN, 2010 WL 2280734, at *7-8 (Del. Ch. May 31, 2010) (Newco and Huawei had had common interest in seeing the merger to its completion, but had adverse interests as to other issues, such as determining responsibility for the Merger Agreement's termination). Even if some privilege ever did attach, MModal has plainly waived it by producing the merger agreement otherwise unredacted. *United States v. Rockwell Int'l*, 897 F.2d 1255, 1265 (3d Cir. 1990) ("[T]he disclosure of any meaningful part of a purportedly privileged communication waives the privilege as to the whole.").

Finally, Nuance notes that MModal is sensitive to disclosing ▓▓▓▓▓▓▓▓▓▓▓ Ex. F at 1, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. But sensitivity is no basis to redact non-privileged information from a relevant document. *See Delaware Display Grp. LLC v. Lenovo Grp. Ltd., Lenovo Holding Co.*, C.A. No. 13-2108-RGA, 2016 WL 720977, at *6 (D. Del. Feb. 23, 2016) ("In the absence of such an assertion of [privilege, doctrine, or immunity] protection, however, a party may not redact information that it unilaterally deems sensitive, embarrassing, or irrelevant."). Moreover, the Protective Order prevents Nuance employees, including its in-house counsel, from being able to see ▓▓▓▓▓▓ ▓▓▓▓▓▓▓. D.I. 52 at ¶ 20. Nuance respectfully requests that the Court compel MModal to disclose ▓▓▓▓▓▓▓▓▓▓▓▓▓.

                                                        Respectfully,

                                                         */s/ Bindu A. Palapura*

                                                         Bindu A. Palapura

BAP:nmt/6826770/43964
Enclosures
cc:     Counsel of Record (Via Electronic Mail)