IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MMODAL LLC, <br><br> Defendant. | Civil Action No. 1:17-cv-1484-MN <br><br> **PUBLIC VERSION** |

DEFENDANT MMODAL LLC'S RESPONSIVE LETTER TO
MAGISTRATE JUDGE FALLON REGARDING DISCOVERY DISPUTE

Dated: April 16, 2021

**OF COUNSEL:**

David K. Callahan (*admitted pro hac vice*)
**LATHAM &WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
david.callahan@lw.com

Kevin C. Wheeler (*admitted pro hac vice*)
Alan M. Billharz (*admitted pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
kevin.wheeler@lw.com

Stephen D. O'Donohue (*admitted pro hac vice*)
**LATHAM & WATKINS, LLP**
885 Third Avenue
New York, NY 10022
Telephone: (212) 906-1200
stephen.odonohue@lw.com

Richard L. Renck
**DUANE MORRIS LLP**
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801
Telephone: (302) 657-4900
rlrenck@duanemorris.com

*Counsel for MModal LLC*

1

Meiran Yin (*admitted pro hac vice*)
**LATHAM & WATKINS, LLP**
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Meiran.Yin@lw.com

# DuaneMorris®

RICHARD L. RENCK
DIRECT DIAL: +1 302 657 4906 | E-MAIL: RLRenck@duanemorris.com

**VIA CM/ECF & HAND DELIVERY**　　　　　　　　　　　　　　　　　　　April 16, 2021

The Honorable Magistrate Judge Sherry R. Fallon
J. Caleb Boggs Federal Building
844 N. King Street, Unit 14, Room 6100
Wilmington, DE 19801-3555

　　　　　Re:　　*Nuance Communications, Inc. v. MModal LLC*, <u>No. 1:17-cv-01484-MN</u>

Dear Judge Fallon:

　　　Per the Court's order (D.I. 368), MModal respectfully submits this letter responding to Nuance Communications, Inc.'s ("Nuance") opening letter asking the Court for leave to serve the Polish Sur-Reply Report (D.I. 378-1, Ex. 3) or, alternatively, to strike ¶¶ 19-23, 103-112 of the Stern Reply Report (D.I. 378-1, Ex. 1). *See* D.I. 378. Although Nuance attempts to reframe the focus of this dispute to be Nuance's infringement disclosures, the issues raised by both parties are intertwined. The factual dispute is when Nuance disclosed during fact discovery that limitation 1.c of the '295 Patent is limited to a "first time speaker." The legal dispute is whether that disclosure was timely. It was not. MModal does not dispute the fact that the Stern Reply Report contains non-infringement opinions that would under normal circumstances have been in Dr. Stern's Rebuttal Report. But these were not normal circumstances. Nuance apparently identified daylight between the products it accuses of infringing the '295 Patent and MModal's prior art— and tried to exploit that difference by hiding the ball throughout fact discovery and claim construction. The Court should deny Nuance's requests.

## I.　　ARGUMENT

### A.　　Nuance Misstates the Record

　　　Nuance incorrectly states the facts concerning Nuance's disclosures regarding the breadth of limitation 1.c of the '295 Patent and the term "first remote session." Nuance claims that it has "consistently asserted that the ordinary meaning of this limitation in the context of the claim language and the intrinsic evidence *involves* recognizing speech when a first-time speaker is dictating." D.I. 378 at 1 (emphasis added). This argument is meritless for numerous reasons.

　　　First, the issue is not whether the claims *may* "*involve*[] recognizing speech when a first-time speaker is dictating"; the issue is whether Nuance ever disclosed that infringement of the asserted claims *requires* "recognizing speech when a first-time speaker is dictating." Even now, in its opening letter to the Court, Nuance tries to present its position as merely arguing that the claims are broad enough to permit a first-time speaker (D.I. 378 at 1), which is inaccurate and illustrative of how Nuance has withheld its contentions. But Dr. Polish left no ambiguity that his opinion in his Sur-Reply Report is that limitation 1.c *requires* a first-time speaker:

> Q. Is it your opinion that limitation 1.c *requires* a first-time speaker?
>
> A. And I'm -- so the answer -- *the answer is yes*, but I'm just making clear what I meant by "a first-time speaker." That's the first-time speaker with the system.

The Honorable Magistrate Judge Sherry R. Fallon    Sherry R. Fallon    DuaneMorris

> Q. What is a first-time speaker?
>
> A. Well, somebody who has not yet used the system or hasn't had the system modified for them or adapted for them.

Polish Dep. Tr. 116:7-117:15 (D.I. 378-1, Ex. 8); *see also* Polish Sur-Reply ¶ 16 (D.I. 378-1, Ex. 3). Dr. Polish's Sur-Reply Report and testimony leave no doubt that Nuance's position is that limitation 1.c **requires** a first-time speaker and is therefore limiting. The question is **when** Nuance first disclosed this argument, and the answer is that (1) Nuance at most previewed this argument in Dr. Polish's Rebuttal Report, and (2) Nuance first made this argument expressly in Dr. Polish's Sur-Reply, when he doubled down on "first-time speaker."

Second, for support Nuance cites to its Final Infringement Contentions and Dr. Polish's Opening Report (providing his infringement opinions). D.I. 378 at 1-2. But Nuance's infringement contentions and its expert opinions on infringement do not disclose the argument it makes now. Nowhere in Nuance's Final Infringement Contentions does Nuance actually say that limitation 1.c is **limited to** or **requires** a "first-time speaker." Instead, Nuance points to a boilerplate statement that "[t]he speaker's speech is recognized during the first remote session" which merely paraphrases the language of limitation 1.c. D.I. 378 at 1-2. Next, Nuance cites the deposition testimony of two of **MModal's** witnesses explaining, in part, how MModal's Fluency Direct product functions. D.I. 378 at 2 (quoting deposition testimony of MModal witnesses Detlef Koll and Timothy Ruff). Nuance seems to argue that MModal should have looked to the testimony of its own witnesses to infer **Nuance's** undisclosed, narrow view of the claims. Nuance then points to its contentions regarding its own product, Dragon Medical One. *Id.* But again, the fact that Nuance disclosed that **its own product** may be capable of speech recognition "the first time a user utilizes" the product does not put MModal on notice that the **claims** are so limited. Nuance's reliance on Dr. Polish's Opening Report fares no better. Nowhere in Dr. Polish's Opening Report does he actually say limitation 1.c is limited to a "first-time speaker." Nuance cannot identify any such assertion in Dr. Polish's Opening Report because he did not make it.

Although Nuance frames limiting "first remote session" to a "first time speaker" as the "ordinary meaning of this limitation," that is incorrect. The '295 Patent discloses embodiments where the speaker either is or is not a "first time speaker." '295 Patent, 4:11-13 (D.I. 378-1, Ex. 2) ("In the state 206, a determination is made as to whether the particular speaker is a first-time speaker or if samples of the speaker's speech have been previously obtained."); *see also id.* at claim 69 ("The method of claim 1, further comprising using the identification of the speaker to determine whether the speaker is a first-time speaker."). Nuance's disclosure should have come through claim construction and Nuance's responses to Interrogatory No. 12 (validity contentions). As explained in MModal's opening submission (D.I. 377), Nuance failed to do that, and now argues that MModal should have pieced together Nuance's current contentions from a number of sources and should have made several inferences about what Nuance actually meant.

### B. The Court Should Deny Leave to Serve the Polish Sur-Reply Report

As explained in MModal's opening submission, the present dispute is a problem of Nuance's own making. Therefore, the Court should deny Nuance's request for leave to serve the Polish Sur-Reply Report. The "good cause" inquiry centers on the moving party's diligence. *Cloud Farm Assocs. v Volkswagen Grp. of Am.*, 2012 WL 3069390, at *2 (D. Del. July 27, 2012)

Page 2

Case 1:17-cv-01484-MN   Document 409   Filed 04/22/21   Page 5 of 6 PageID #: 14884

The Honorable Magistrate Judge Sherry R. Fallon     Sherry R. Fallon     **DuaneMorris**

(quoting *Venetec Int'l v. Nexus Med., LLC*, 541 F. Supp. 2d 612, 618 (D. Del. 2008)). Here, the only argument Nuance advances that it "acted diligently" is the fact that it "serv[ed] the sur-reply report six days before [Dr. Polish's] deposition." D.I. 378 at 4. That fact is irrelevant. First, Nuance ignores the fact that it served the Polish Sur-Reply on the eve of the deposition of MModal's expert, Dr. Stern. Therefore, understandably Dr. Stern did not have an opportunity to review this report in any meaningful way. Second, the relevant inquiry is whether Nuance was diligent in disclosing its argument that limitation 1.c. and "first remote session" is limited to a "first time speaker." There can be no doubt that Nuance first did so expressly in the Polish Sur-Reply Report itself and, at best, hinted at that argument in the Polish Rebuttal Report. Hiding the ball until serving a sur-reply report as to which the schedule does not provide is anything but diligent.

    **C.**     **The Court Should Not Strike Dr. Stern's Non-Infringement Opinions**

Should the Court grant the relief sought in MModal's opening letter (D.I. 377), MModal agrees to withdraw ¶¶ 19-23 and 103-112 of Dr. Stern's Reply Report. That is the correct outcome here. To the extent the Court does not, not only should Dr. Stern's opinions not be stricken, but MModal should be permitted to conduct additional discovery and have an opportunity to brief the claim construction issue regarding "first remote session." Because the parties appear to agree that this issue affects both infringement and validity of the asserted claim of the '295 Patent (based on their competing opening submissions), there is clearly a claim construction dispute regarding the scope and meaning of limitation 1.c and, in particular, "first remote session." But just as importantly, and as explained in MModal's opening submission, the construction of "first remote session" also implicates damages and non-infringing alternatives. D.I. 377 at 3. If the Court denies MModal's motion to strike, this case needs a reset.

Nuance's recital and application of the *Pennypack* factors is cursory and, in part, misstates the law. *See* D.I. 378 at 4. Nuance argues that "[t]he first fact—the importance of the information withheld—weighs toward exclusion because the information withheld ***concerns the critical issue of infringement***." *Id.* Nuance is correct that infringement is a critical issue in this case, but it is simply wrong that the criticality of an issue favors exclusion. Just the opposite. "[T]he exclusion of important evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence.'" *B. Braun Melsungen AG v. Terumo Med. Corp.*, 749 F. Supp. 2d 210, 222 (D. Del. 2010) (quoting *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791–92 (3d Cir. 1994). Either all the expert opinions regarding this issue should be allowed into the record (in addition to the additional discovery and claim construction briefing that MModal seeks), or none of it should.

The rest of Nuance's argument rests on the fundamentally incorrect argument that its hands are clean and "MModal simply ignored or overlooked Nuance's argument concerning limitation 1.c. until the eleventh hour." D.I. 378 at 4. That is simply incorrect; if Nuance had expressly contended that limitation 1.c should be limited to a "first time speaker," it would have said so in its responses to Interrogatory No. 12 and claim construction briefing. That disclosure is nowhere to be found until Dr. Polish's uncalled-for Sur-Reply Report.

The Honorable Magistrate Judge Sherry R. Fallon         Sherry R. Fallon         DuaneMorris

## II. CONCLUSION

For the reasons set forth above and in MModal's opening submission, all the *Pennypack* factors favor excluding Nuance's untimely "first remote session" contentions in the Polish Rebuttal Report and the Polish Sur-Reply Report. If, however, the Court allows Nuance's contentions to remain on the record, then MModal respectfully requests that the Court address the correctness of Nuance's newly offered claim construction, and as appropriate, provide an opportunity for MModal to seek additional discovery and provide revised expert reports and/or motions for summary judgment under Nuance's construction.

Respectfully submitted,

*/s/ Richard L. Renck*
Richard L. Renck (#3893)

*Counsel for Defendant MModal LLC*