## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NUANCE COMMUNICATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 17-1484-MN |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| MMODAL LLC, | ) | **PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |

## LETTER TO THE HONORABLE SHERRY R. FALLON FROM BINDU A. PALAPURA

OF COUNSEL:

David J. Lender
Anish R. Desai
Sudip Kundu
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000

Stephen Bosco
WEIL GOTSHAL & MANGES, LLP
2001 M Street, NW Suite 600
Washington, DC 20036
Tel:  (202) 682-7000

Amanda Branch
WEIL GOTSHAL & MANGES, LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel:  (650) 802-3000

Dated:  April 15, 2021
7165782 / 43964

Public Version Dated: April 22, 2021

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiff*
*Nuance Communications Inc.*



1313 North Market Street
P.O. Box 951
Wilmington, DE 19801- 0951
302 984 6000
www.potteranderson.com

Bindu A. Palapura
Partner
Attorney at Law
bpalapura@potteranderson.com
302 984-6092 Direct Phone

April 15, 2021
Public Version Dated: April 22, 2021

**VIA ELECTRONIC FILING**

The Honorable Sherry R. Fallon                                   **PUBLIC VERSION**
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE  19801

Re:   *Nuance Communications, Inc. v. MModal LLC, et al.*, C.A. No. 17-1484-MN

Dear Magistrate Judge Fallon:

Pursuant to the Court's April 5, 2021 Order, Nuance Communications, Inc. ("Nuance")
submits this letter in advance of the April 20, 2021 teleconference. Nuance respectfully requests
leave to serve a short sur-reply infringement expert report to address new and untimely
noninfringement opinions improperly raised by MModal LLC's ("MModal") expert in his reply
invalidity expert report. If leave is not granted, Nuance alternatively moves to strike MModal's
untimely disclosed noninfringement theories.

The February 26, 2021 reply expert report of MModal's expert Dr. Richard Stern (Ex. 1)
regarding invalidity of U.S. Patent No. 6,766,295 ("the 295 Patent") discloses new and untimely
noninfringement opinions regarding claim limitation 1.c of the 295 Patent. *See* Ex. 1, § V.B (¶¶
19-23) and § IX (¶¶ 103-112). There is no denying that these noninfringement opinions were
untimely given they were shoehorned into a reply invalidity report. Dr. Stern even admitted in
the report that he was adding onto his non-infringement opinion. *See id.*, ¶ 104. MModal will
argue that Dr. Stern was responding to a new claim construction argument offered by Nuance's
expert in his rebuttal report, but as set forth below that is wrong. To avoid lengthy motion
practice, Nuance offered to serve a short sur-reply report, in lieu of filing a motion to strike
MModal's new noninfringement theory, a solution commonly offered by Courts in this District.
*See TriDiNetworks Ltd. v. NXP USA, Inc. f/k/a NXP Semiconductors USA, Inc. et. al.*, C.A. No.
19-1062, D.I. 74 (D. Del. Mar. 15, 2021). MModal rejected that proposal. Ex. 7.

I.      **BACKGROUND**

Claim limitation 1.c of Nuance's 295 Patent requires "recognizing the speaker's speech
utilizing the speech recognition system during the first remote session." Ex. 2. During fact
discovery and in Nuance's opening expert report, Nuance consistently asserted that the ordinary
meaning of this limitation in the context of the claim language and the intrinsic evidence
involves recognizing speech when a first-time speaker is dictating. For example, Nuance's final
infringement contentions served on November 16, 2020 cited evidence with respect to limitation
1.c demonstrating that the accused products recognized a first-time speaker's speech when the
speaker is dictating ████████████████████████████████████████████

████████████████████████████████████████████████████████████████

The Honorable Sherry R. Fallon
April 15, 2021
Page 2



Nuance's opening expert report of Dr. Nathaniel Polish served on January 8, 2021 then cited the same evidence regarding infringement of limitation 1.c. *See* Ex. 5, ¶ 141, p.96-97

Dr. Polish also cited additional supporting deposition testimony that was obtained after Nuance's final infringement contentions were due. *Id.*, ¶ 141, p. 97-98

. Dr. Polish's opening report is replete with other examples where he explained that he was applying this understanding of limitation 1.c. *See id.*, ¶ 63, p.47

*id.*, ¶ 99, p.68-69

*id.*, ¶ 259, p.183

MModal did not raise a single noninfringement argument based on Nuance's interpretation of limitation 1.c during fact discovery or in Dr. Stern's rebuttal noninfringement expert report. Ex. 10 at 25 (providing MModal's substantive noninfringement arguments disclosed during fact discovery); Ex. 11, ¶¶ 88-146. Instead, MModal raised different arguments, which Nuance's expert Dr. Polish addressed thoroughly in both his opening report and reply report. Ex. 5, ¶¶ 136-138, p.93-94; Ex. 6, ¶¶ 35-52, p.12-24. For the first time in Dr. Stern's reply invalidity report served on February 26, 2021, Dr. Stern argued that had "he known about Dr. Polish's narrow construction of '*first* remote session,' [he] would have investigated whether the Accused Products meet this limitation under [Nuance's] narrow construction." Ex. 1, ¶ 104 (emphasis in original). Dr. Stern further argued it was now his opinion that "MModal's Accused Products do not infringe the Asserted Claims because

" *Id.* Of course, as the sur-reply report explains, this argument is a strawman, because Nuance and Dr. Polish never argued that this was the case and Dr. Stern's new opinion is irrelevant to infringement. In paragraphs 19-23 of Dr. Stern's reply report, Dr. Stern provides new arguments regarding why Nuance's "construction" of claim limitation 1.c is incorrect. *Id.*, ¶¶ 19-23. Then, in paragraphs 103-112, Dr. Stern provides more details regarding his untimely noninfringement argument regarding this limitation. *Id.*, ¶¶ 103-112.

On March 23, 2021, Nuance corresponded with MModal regarding the improper opinions in Dr. Stern's reply report. *See* Ex. 7. Nuance further informed MModal that it would be serving a short sur-reply report to address Dr. Stern's improper reply opinions. *Id.* MModal disagreed that a sur-reply report was proper. *Id.*

The Honorable Sherry R. Fallon
April 15, 2021
Page 3

Subsequently, on March 24, 2021, Nuance served a provisional copy of Dr. Polish's sur-reply expert report.[1] Ex. 3; Ex. 9. This sur-reply report explained that Dr. Stern's opinion that Nuance is applying a new "construction" is incorrect. Instead, Nuance and Dr. Polish have applied the ordinary meaning of limitation 1.c in the context of the claim language itself and the remainder of the intrinsic evidence. The sur-reply report also responded to Dr. Stern's argument that Nuance did not timely disclose its positions and reiterates that Nuance has consistently applied the understanding that the ordinary meaning of limitation 1.c requires recognizing the dictation of a first-time speaker during a remote session. Ex. 3, ¶¶ 12-35. The sur-reply report also addresses and refutes Dr. Stern's untimely noninfringement opinions regarding this limitation. *Id.*, ¶¶ 36-64.

On March 30, 2021, MModal deposed Nuance's expert Dr. Polish. The sur-reply report was marked as Exhibit 4 during the deposition and MModal's counsel questioned Dr. Polish regarding the sur-reply report. Ex. 8 at 16:17-17:2, 216:3-218:7.

## II.    ARGUMENT

### A.    The Court Should Grant Leave For Nuance to Serve the Sur-Reply Expert Report.

Dr. Stern's reply report includes new, previously undisclosed noninfringement opinions that are not the proper subject of a defendant's reply report. Indeed, these opinions do not respond to any infringement argument in Dr. Polish's rebuttal report. Instead, the impetus of MModal's new noninfringement argument appears to be MModal's belated recognition that a prior art reference it is asserting has a critical flaw regarding limitation 1.c.

Nuance recognizes that striking an argument regarding the ultimate issue of infringement is an extreme remedy and has instead proposed the sur-reply report to remedy the prejudice to Nuance. Courts in this District have previously found sur-reply reports to be an appropriate solution as opposed to the harsher remedy of striking the untimely opinions. *See, e.g., Intell. Ventures I LLC v. AT&T Mobility LLC*, C.A. No. 12-193-LPS, 2017 WL 478565, at *2-3 (D. Del. Jan. 31, 2017) (weighing the *Pennypack* factors regarding a motion to strike a reply report that was not "entirely appropriate" and concluding that the appropriate remedy was, in part, to grant leave for the opposing party to serve a sur-reply report). Further, Courts have found motions to strike unpersuasive when the moving party failed to seek to mitigate the prejudice in less burdensome ways, such as through a sur-reply report. *See Bayer HealthCare, LLC v. Baxalta Inc.*, C.A. No. 16-1122-RGA, D.I. 362 at 11-12 (D. Del. Jan. 22, 2019) ("Although Plaintiff is not obligated to cure prejudice of Defendants' making, the fact that Plaintiff chose not to spend any effort addressing [the] new theories, via a sur-reply or in deposition, indicates that Plaintiff did not view the new theories as having a substantial impact on the case. It thus follows that Plaintiff is unlikely to suffer any significant prejudice from [the expert's] testimony related to those theories."). Here, there is good cause for the sur-reply report because MModal will otherwise be permitted to advance a previously undisclosed—and meritless—noninfringement argument without Nuance's expert being permitted to comment on it during trial. Indeed, if MModal followed the proper procedures and disclosed these opinions in a rebuttal report, there is no dispute that Nuance's expert would have had the opportunity to respond in the ordinary

---

[1] Due to the schedule, Nuance served its provisional sur-reply prior to seeking leave of Court to ensure that MModal had it before taking Dr. Polish's deposition.

The Honorable Sherry R. Fallon
April 15, 2021
Page 4

course. Further, Nuance acted diligently in serving the sur-reply report six days before its expert's deposition, and MModal has already had the opportunity to depose Dr. Polish regarding it. Ex. 8 at 16:17-17:2, 216:3-218:7. Thus, there can be no prejudice to MModal in the Court granting leave.

**B.      Alternatively, the Court Should Strike the Untimely Opinions in Dr. Stern's Reply Expert Report.**

Nuance alternatively seeks to strike the untimely noninfringement opinions in Dr. Stern's reply expert report. *See* Ex. 1, § V.B (¶¶ 19-23) and § IX (¶¶ 103-112). In determining whether to strike expert opinions, Courts in this District consider the *Pennypack* factors. *Intell. Ventures I LLC*, C.A. No. 12-193-LPS, 2017 WL 478565, at *1.

If Nuance's request for leave to serve Dr. Polish's sur-reply report is denied, the balance of the *Pennypack* factors strongly supports exclusion of Dr. Stern's untimely noninfringement opinions. The first factor—the importance of the information withheld—weighs toward exclusion because the information withheld concerns the critical issue of infringement. The second factor—the prejudice or surprise to the party against whom the evidence is offered—weighs toward exclusion. Dr. Stern's new opinions could not have been anticipated because MModal did not provide any notice of this noninfringement theory prior to serving its reply report. Nuance bears the burden of proof on infringement, and absent the ability to respond to this new theory, Nuance will be highly prejudiced by this untimely disclosure. Moreover, it would be manifestly unfair if MModal is able to advance a new noninfringement argument with no corresponding expert testimony from Nuance's expert to rebut the merits. The third factor—the likelihood of disruption of trial—is neutral because, even if the sur-reply report is not accepted, Nuance does not expect that any additional discovery will be necessary. The fourth factor—the possibility of curing the prejudice—weighs toward exclusion particularly if Nuance is unable to serve its sur-reply report. The fifth factor—the explanation for the failure to disclose—weighs toward exclusion. There is simply no explanation for MModal's failure to disclose its noninfringement argument in a timely fashion. Both in fact discovery and in its opening expert report, Nuance repeatedly provided notice of its position regarding the ordinary meaning of claim limitation 1.c. Any assertion of surprise by MModal is not supported by the history of disclosures in this case. The sixth factor—the presence of bad faith or willfulness in not disclosing the evidence—is neutral. Although it appears that MModal simply ignored or overlooked Nuance's arguments concerning limitation 1.c until the eleventh hour, Nuance will not speculate as to MModal's motivations for doing so.

In summary, four factors weigh toward exclusion, and the remaining two factors are neutral. Thus, if Nuance's compromise proposal of a sur-reply is not accepted, the *Pennypack* factors weigh toward exclusion.

Respectfully,

*/s/ Bindu A. Palapura*

Bindu A. Palapura

BAP:nmt/7165782/43964

Enclosures

The Honorable Sherry R. Fallon
April 15, 2021
Page 5

cc:     Clerk of Court (via hand delivery)
        Counsel of Record (via electronic mail)