

1313 North Market Street
P.O. Box 951
Wilmington, DE 19801- 0951
302 984 6000
www.potteranderson.com

David E. Moore
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Firm Fax

June 29, 2021

**VIA ELECTRONIC FILING**

The Honorable Maryellen Noreika
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

      Re:    *Nuance Communications, Inc. v. MModal LLC,* C.A. No. 17-1484-MN

Dear Judge Noreika:

We write to provide an update regarding the parties' positions following the June 22, 2021 claim construction hearing with the Court, concerning supplemental expert discovery and the trial date.

**A. Nuance's Position**

Nuance's position is that supplemental expert discovery is not necessary. The Court's construction of "first remote session" of U.S. Patent No. 6,766,295 aligns with how Nuance's experts interpreted the term in their respective expert reports. Nonetheless, given MModal's desire to conduct supplemental expert discovery, Nuance has proposed the following schedule:

- Tuesday, July 13: MModal serves supplemental expert reports
- Tuesday, July 27: Nuance serves responsive supplemental expert reports
- Friday, August 6: Expert discovery cutoff

In addition, Nuance's position is that any report supplementation must be strictly limited to addressing issues implicated by the Court's construction of "first remote session." Finally, Nuance proposes that the Court keep the August 30 trial date. MModal has indicated that it is not available for trial on September 20, and Nuance is not available for trial on October 4 because Nuance's damages expert is scheduled to be in an ITC trial the week of October 4.

Although this proposal provides MModal the three weeks that it requested for supplemental expert reports (*see* 6/22 Hearing Tr. at 39:12-16), MModal now argues that if the trial date remains August 30, the stipulated pretrial schedule (D.I. 491) is "not workable because there will be new documents, evidence, prior art, and potentially new witnesses." 6/28 Email from S. O'Donohue to A. Desai. Nuance objects to MModal's attempt to re-open fact discovery. There is no basis for re-opening fact discovery, and therefore, there will not be any new documents, evidence, prior art, or new witnesses. Finally, to the extent MModal's concern regarding the stipulated pretrial schedule relates to the due date for motions *in limine*, Nuance

proposes that the parties can reserve one motion *in limine* to be exchange and briefed after the completion of the supplemental expert discovery.

Lastly, MModal proposes a bench trial for its Section 101 defense, citing a hearing from *Caredx, Inc. v. Natera, Inc*. 19-cv-00567-CFC, May 17, 2021 Hr'g (D. Del.). In *Caredx*, however, the parties did not agree to a bench trial and the parties appear to dispute whether this hearing was a bench trial or a summary judgment hearing. *See, e.g.*, *Caredx*, 19-cv-00567-CFC at D.I. 175, 176. Here, the Court denied MModal's summary judgment motion, finding that there are genuine issues of material fact. 6/22 Hearing Tr. at 35:23-37:4. Thus, a jury should decide these factual issues. *See VS Techs., LLC v. Twitter, Inc*., No. 2:11cv43, 2012 U.S. Dist. LEXIS 59475, at *9 (E.D. Va. Apr. 26, 2012) (rejecting the "argument that Section 101 is a question of law and thus, not a triable issue of fact for a jury"); *see Paul R. Gugliuzza, Law, Fact, and Patent Validity*, 106 Iowa L. Rev. 607, 626 (2021) ("[U]nder prevailing assumptions about how the Seventh Amendment operates in patent cases, eligibility should be a jury question if a case gets to trial.").

### B. MModal's Position

### A. MModal's Position

MModal's position is that moving the trial date to October 4, 2021[1] is the most appropriate course of action under the circumstances. In particular, MModal's proposed schedule for supplemental expert discovery and the trial date is outlined below:

- July 16: Supplemental expert reports; July 30: Responsive expert reports (no reply reports)

- August 13: Supplemental expert discovery cutoff

- September 20: Pretrial Order

- October 4: Jury trial begins

MModal proposes that the remaining pretrial deadlines (D.I. 491) be extended the same amount as the trial, five weeks each, culminating in the parties filing the pretrial order two weeks before the start of trial, on September 20, 2021. In any event, this modest continuance will allow the parties to conduct focused supplemental expert discovery addressing the impact of the Court's recent claim construction order in an orderly fashion. This extension will permit the parties to complete the supplemental expert discovery **before** beginning motion *in limine* practice, disclosing statements of uncontested and contested facts and issues, and finalizing exhibits lists, which might all be impacted by the supplemental expert discovery. Without this brief extension, any issues that arise impacting the pretrial deadlines would have to be handled on an ***ad hoc*** basis, wasting time and resources of the parties and the Court. Nuance stated that its damages expert, Dr. Prowse, has a trial before the International Trade Commission ("ITC") in Washington, D.C. (a short drive from Wilmington) starting on October 6, and they do not explain why Dr. Prowse could not attend both.

---

[1] MModal's damages expert, Mr. Michael Tate, is testifying in an in person trial in the Western District of Texas, beginning on September 20, 2021.

Furthermore, it is our understanding that the is still conducting trials remotely, and has not set a date to begin in person hearings.[2]

During its meet and confer with Nuance and subsequent correspondence, it appears that Nuance contends that none of the pretrial deadlines need to be moved  Instead, Nuance suggests that the parties could reserve one motion *in limine*, but that would require fully briefing those motions, under Nuance's schedule, in ten days. Even still, by keeping the August 30 trial date, the parties will have to determine what facts and issues are contested and uncontested, and finalize trial exhibit lists ***before*** the supplemental expert discovery concludes.

MModal respectfully contends, as it has consistently since first raising this issue with the Court on March 17, 2021 (D.I. 366), that its supplemental expert reports should address how the Court's additional (and narrowing) construction impacts the issues of invalidity, non-infringement, and damages. MModal's technical and damages experts will explain how even under the Court's construction, the claims are still nevertheless invalid, why the Accused Products do not infringe under the Court's construction, and how the construction impacts damages. These arguments would be narrow, focused, and limited to the arguments we expect to present at trial.

Lastly, MModal also proposes that the Court take up the factual issues pertaining to the '946 Patent and *Alice* Step Two in a bench trial while the jury deliberates, or at another time convenient for the Court. It is our understanding that this has been the recent practice of Judge Connolly, who recently held an evidentiary hearing on Section 101 after denying the summary judgment motion because of disputes between the experts. *See Caredx, Inc. v. Natera, Inc.* 19-cv-01804-CFC, D.I. 76 (Dec. 1, 2020) (denying summary judgment motion); *id.* at Oral Order dated April 20, 2021 (setting Evidentiary Hearing); *id.* at Minute Entry dated May 17, 2021 ("Evidentiary Hearing Held") ), and MModal believes it would be appropriate here. Contrary to Nuance's position, Judge Connolly already held an evidentiary hearing on this issue and expressed his view that he should resolve factual issues in the same way the Federal Circuit has endorsed the Court resolving factual issues on indefiniteness.

Sincerely,

*/s/ David E. Moore*

David E. Moore (#3983)

7282386/ 43964

---

[2] https://www.usitc.gov/press_room/featured_news/usitc_response_covid_19.htm